## Maria Bertha Kies v. City of Erie, Appellant.

*Negligence—Municipalities—Swinging doors over sidewalks.*

A fire-engine house owned by a municipality was provided with heavy wooden doors which swung outward over the sidewalk of a street. Large steel springs were attached to the outside of the doors, and so arranged as to open them rapidly when the bolts were drawn. Plaintiff was injured by the doors as they swung violently outward. The city claimed that the springs were only intended to aid the firemen in opening the doors, and that it was the duty of the firemen to hold on to them and prevent a too rapid and violent motion. The court charged: " If the operation of these doors with reasonable care would have provided against danger and accident to the passers-by the city is not liable. If the necessary and natural and probable operation of these doors was dangerous even though accompanied by the use of ordinary care on the part of the employees the city is liable for the result." *Held*, that there was sufficient evidence of the city's negligence to submit to the jury, and that the manner of the submission by the court was without error.

Argued May 1, 1895. Appeal, No. 431, Jan. T., 1895, by defendant, from judgment of C. P. Erie Co., Sept. T., 1891, No. 111, on verdict for plaintiff. Before GREEN, WILLIAMS, McCOLLUM, MITCHELL and FELL, JJ. Affirmed.

Trespass for personal injuries. Before GUNNISON, P. J.

At the trial it appeared that in April, 1886, plaintiff was struck by the doors of a fire engine house which were suddenly and violently opened across the pavement on which she was walking. The doors were heavy wooden doors, ten or twelve feet high and six feet wide, which swung outward half way

across the pavement. Large steel springs were attached to the outside of the doors, and so arranged as to open them rapidly when the bolts were drawn.

The court charged in part as follows:

" If these doors, in the necessary operation of them, if their construction was such that they were dangerous to passers-by, the city is responsible for the result of such negligence as that.

" You will see where the distinction is, and it is perhaps a pretty fine distinction. If the operating of these doors with reasonable care would have provided against danger and accident to the passer-by the city is not liable. If the necessary and natural, or probable operation of these doors was dangerous, even although accompanied by the exercise of ordinary care on the part of employees, then the city is liable for the result.

" The testimony in the case is somewhat contradictory. On the part of the plaintiff it is shown that these doors were frequently opened without any one appearing to be near them; that they were opened, after having started, with considerable violence and force; that frequently passers-by have been seen to hasten to avoid them as they were being opened—to dodge aside.

" The testimony on the part of the defendant is to the effect that they were never opened without some one being in charge; some one assisting in the opening; some one being at the doors themselves; that they couldn't be opened without at least starting them from the threshold; and some of the witnesses say that the springs, as the doors opened, became weaker—of course the tension would be less—and that, therefore, the force was less as it opened wider, until it came to a full stop when in a direction across the walk itself.

" It may be that these doors were operated negligently at this time, and if not operated negligently that the accident would not have occurred.

" If the city provided them so that with ordinary care—now would it be ordinary care for an employee of the fire department to always take hold of the door and open it, and follow it out until it was open? If that would be ordinary care, and by the use of that care accident would have been avoided, the city is not liable.

" But if they were not so constructed that an employee of the fire department could open them in that way with safety, or conveniently—if they were so constructed that by opening the doors in that manner an employee would be in danger, for instance, from the horses, when they started out on the occasion of an alarm of fire—then it would be a faulty construction, not the negligence entirely of the employee, although the employee might have been negligent—it would be then, in some degree, at least, the negligence of the city; it would be concurrent negligence; and where an accident results from the concurrent negligence of two persons a plaintiff may bring suit against either one of them, or both of them, to recover damages.

" If you find that the injury in this case resulted from the negligence of the firemen and not from the faulty construction of the building, your verdict would be for the defendant. you find, on the other hand, that it was the result of the faulty construction of the building—if without the negligence of the city of Erie the accident would not have occurred, your verdict should be for the plaintiff."

Defendant's points, among others, were as follows:

" 3. That the evidence in the above stated case does not show that the building opposite which the plaintiff was injured was dangerous in itself or the manner of its construction, and that the defendant is not liable for the injury suffered by the plaintiff, as alleged in her declaration. *Answer:* This point is refused." [1]

" 4. That under all the evidence in this case the verdict of the jury must be for the defendant. *Answer:* This point is also refused." [2]

Verdict and judgment for plaintiff for $500. Defendant appealed.

*Errors assigned* were (1, 2) above instructions, quoting them.

*Joseph P. O'Brien,* for appellant, cited: Kies v. City of Erie, 135 Pa. 144.

*E. A. Walling, Wm. A. Galbraith* and *J. W. Galbraith,* with

him, for appellee, cited: Kies v. City of Erie, 135 Pa. 144;
Fitzpatrick v. Riley, 163 Pa. 65; Bournonville v. Goodall, 10
Pa. 133; Knight v. Philadelphia, 15 W. N. C. 307; Fire Ins.
Patrol v. Boyd, 120 Pa. 624.

OPINION BY MR. JUSTICE FELL, July 18, 1865:

The specifications of error raise the single question whether
the testimony justified the submission of the case to the jury.
The same parties were before the court in 1890 in an action to
recover for the same injury, that action being based upon the
alleged negligence of a fireman in the employ of the city of
Erie in suddenly and violently opening outward over the pave-
ment the doors of a building used by the fire department.  The
judgment of nonsuit entered in the common pleas was affirmed
by this court for the reason that the municipality was not
responsible for the negligent act of a fireman and that there
was no evidence that the accident was the result of the defec-
tive construction of the building: Kies v. City of Erie, 135 Pa.
144.   This action rests upon the allegation that the building
was so constructed that its doors were opened outward by
means of springs, and that such a construction was dangerous
and negligent.

The building in question was on the house line of the street,
and was provided with heavy wooden doors, ten or twelve feet
high and six feet wide, which swung outward and when open
extended half way over the pavement.   Large steel springs
were attached to the outside of the doors and so arranged as to
open them rapidly when the bolts were drawn.   The pulling
of a rope unfastened the doors, and the powerful springs caused
them to swing with rapidity and force across the pavement.
That this was a constant menace to passers-by seems to be too
clear for discussion.   It was claimed however by the defendant
that the springs were only intended to aid the fireman in open-
ing the doors, and that after they started to move it was the
duty of the fireman to hold them and prevent a too rapid and
violent motion.   This claim gave rise to the question whether
the injury to the plaintiff was caused by the negligence of the
fireman, and the question was fully and fairly submitted to the
jury.   As the defendant is not answerable for the neglect of
an employee in its fire department, the issue was narrowed to

the inquiry whether the usual and necessary use of the doors without negligence was dangerous to persons passing on the pavement. This question was submitted to the jury. The learned judge in his charge said: " If the operation of these doors with reasonable care would have provided against danger and accident to the passers-by the city is not liable. If the necessary and natural and probable operation of these doors was dangerous even though accompanied by the use of ordinary care on the part of the employees the city is liable for the result." This was the real test of liability, and the testimony fully justified the submission.

The judgment is affirmed.