## CORNELIUS McDADE v. CITY OF CHESTER.

ERROR TO THE COURT OF COMMON PLEAS OF DELAWARE COUNTY.

Argued February 10, 1887—Decided January 3, 1888.

1. While it is true that, when a power is given to do an act which concerns the public interest, the exercise of the power when conferred upon a public officer or body may be insisted upon as a duty though the language of the statute be permissive only, yet when the power is lodged with persons exercising or to exercise legislative or judicial functions, and the subject matter of the statute and its language concur in showing that the authority is discretionary, no absolute duty is imposed.

2. A municipal corporation having legislative authority to limit or to prohibit altogether the manufacture, sale, or exposure of fire-works within the corporate limits, the subject-matter having been expressly committed to the judgment and discretion of the council, no person may demand the exercise of the power in any particular way or to any greater extent than the corporate authorities in the exercise of their discretion may provide.

3. The plaintiff while assisting in the extinguishment of a fire in a manufactory of fire-works situated in an incorporated municipality possessing the power to limit or prohibit the manufacture, sale, or exposure of fire-works within the corporate limits, was severely injured. In an action brought against the municipality to recover damages on the ground of a failure to exercise such power, held that the defendant was not liable.

Before MERCUR, C. J., GORDON, TRUNKEY, STERRETT and CLARK, JJ.; PAXSON and GREEN, JJ., absent.

No. 215 January Term 1886, Sup. Ct.; court below, No. 58 March Term 1884, C. P.

On February 17, 1882, Samuel Jackson's fire-works manufactory, erected in a lot at the corner of Second and Welsh streets in Chester city, took fire and an explosion of it followed. The exploded building was standing about two hundred feet from either of said streets and no other buildings were within one hundred yards of it. Cornelius McDade, seriously injured by the explosion, brought suit against the city to recover damages.

The declaration contained four counts. The first count averred that one Samuel Jackson, with the knowledge and assent of the city authorities, carried on within the city limits the business of making and selling fire-works and dangerous explosives which it was the duty of the defendant to prohibit; that this duty was neglected and because of such neglect the plaintiff while lawfully engaged in assisting to extinguish a fire caused by said business, was injured, etc. The second count averred the duty of the city to limit and prescribe the quantities of such explosives to be kept, etc., and that the city neglected to perform this duty, whereby, etc. The third count averred the duty of the city to abate the said business as a common nuisance, which duty it had neglected to perform, etc., whereby, etc. The fourth count averred that though it was the duty of the city to suppress the said business within

the city limits, yet that it had wrongfully sanctioned and encouraged its continuance, etc., whereby etc.

To this declaration the defendant demurred, assigning as causes, that there was no duty or obligation on the defendant, (1) to prohibit the manufacture, sale and exposure of fire-works, etc., carried on by said Samuel Jackson, etc.; (2) to limit and prescribe the quantity of fire-works, etc., to be kept by him; (3) to abate as a common nuisance the manufacture and sale of fire-works by him; (4) to suppress the business, etc.

The city of Chester was incorporated by the act of February 14, 1866, P. L. 30, applying the provisions of the act incorporating the city of Harrisburg, of March 19, 1860, P. L. 175, by § 8 of which latter act it is provided: "That, the power of the said corporation shall be vested in the said council, or a quorum thereof, who shall in council assembled have full power and authority to make, ordain, constitute and establish all such by-laws and ordinances, resolutions and regulations as they may deem necessary to preserve the peace and promote the good order, government and welfare of the said city, and the prosperity and happiness of the inhabitants thereof." By the act of April 2, 1867, P. L. 677, it is provided: "That the mayor and council of said city in addition to all powers heretofore or hereafter granted them, shall have the following powers, to wit: . . . . . Eleventh. To prohibit and remove any obstruction in the highways, or any nuisance or offensive matter, whether in the highways or on the public or private ground. Twelfth. To prohibit within said city the carrying on of any manufacture, art, trade or business which may be noxious or offensive to the inhabitants thereof; the manufacture, sale or exposure of fire-works or other inflammable or dangerous articles, and to limit and prescribe the quantities that may be kept in one place of gunpowder, fire-works, turpentine and other inflammable articles, and to preserve such other safeguards as may be necessary." Section 5, act of March 22, 1869, P. L. 484, provides: "That the said mayor or council shall have power to cause the removal, by such means as to them shall seem best, of any nuisance."

Issue having been joined on the said demurrer, after argument, the court, THOMAS J. CLAYTON, P. J., filed the following opinion and judgment:

The plaintiff is met at the threshold of his proceedings with a demurrer, in which the defendant alleges that said duties were discretionary, and that for an error in the exercise of its discretionary powers it is not liable. The plaintiff admits that if said alleged duties were discretionary there is no legal liability, but contends that said powers and duties were imperative, and this is the whole issue narrowed down to a single point. The argument of the counsel for the plaintiff was very able and exhaustive, but the authorities seem to be against the conclusion to which he has arrived.

The duties alleged in the first and second counts could only be performed by the passage of an ordinance or ordinances by the city, duly approved by the mayor. This would require discussion and a vote of the members of council, and could undoubtedly be defeated by an adverse vote, or, if passed by a majority, could be vetoed by the mayor. It is too clear for argument that the passage of an ordinance is a discretionary act.

Again, it must be admitted that the legislature had power, when the act of April 2, 1867, P. L. 677, was passed, to declare the manufacture or sale of explosives unlawful in the city of Chester, and to make it the duty of the city authorities to prevent by force the continuance of any such business there. The question may well be asked, why impose a duty indirectly which may be imperatively commanded? An examination of the city charter clearly shows that the powers conferred were discretionary. Its original charter declares that it shall have power to "make, ordain, constitute and establish all such by-laws, ordinances, resolutions and regulations as they may deem necessary to preserve the peace and promote the good order, government and welfare of the said city, and the prosperity and happiness of the inhabitants thereof."

Subsequent acts of the assembly conferring powers upon the city to pass ordinances touching subjects not embraced in the original charter, are to be read as if they were but sections of the organic law, and are therefore subject to the words, " as they may deem necessary." In a word, it must be obvious to all that legislation means discretion, and a power to legislate necessarily implies discretion in the legislators. In municipal legislation the first movers are the inhabitants who by petition

call the town council's attention to some subject of proposed legislation. If the petition is favorably received and an ordinance deemed necessary, it is referred to the committee on ordinances, who report an ordinance which passes through its several readings, amendments and discussions, and is finally either passed or lost. Thus the inhabitants being the first movers can only blame themselves for the neglect of their council and mayor in not legislating upon the subject of complaint. The law upon the subject is well settled. Judge Dillon, in his work on Municipal Corporations, states it thus: " A municipal corporation is not liable to an action for damages, either for the non-exercise of, or for the manner in which in good faith it exercises discretionary powers of a public or legislative character." 2 Dillon Mun. Corp. § 949. The principle of law thus stated is supported by a host of authorities in almost every state in the Union.

In Carr v. The Northern Liberties, 35 Pa. 330, affirmed in Grant v. The City of Erie, 69 Pa. 420, the same principle is announced. The court say: " We do not admit that the grant of authority to the corporation to construct sewers amounts to an imposition of a duty to do it. Where any person has the right to demand the exercise of a public function, and there is an officer or set of officers authorized to exercise that function, there the right and the authority give rise to the duty; but when the right depends upon the grant of authority and the authority is essentially discretionary, no legal duty is imposed." The reason is obvious. Discretionary power must be confined to the tribunal in which it is reposed. There can be no appeal from the exercise of a discretion. Again, the law has already supplied the means of ample redress in all cases of public or private nuisances. The citizen can sue in the common law courts for any actual injury, and recover damages from the person maintaining the nuisance. If he fears future injury, he can enjoin the continuance of the nuisance by appeal to a court of equity. If the nuisance be a public one, any citizen can cause the perpetrator to be indicted and have the nuisance abated by the power of the state, if necessary. Upon calling the attention of the city authorities to the nuisance complained of in this case, they would, in all probability, have applied to the court by bill in equity to enjoin the continuance of it.

Why should the whole commonalty be punished for a neglect of duty which the plaintiff was bound to observe as much as any other citizen?

The other two counts allege the neglect of a clearly discretionary duty for which a private citizen cannot maintain an action against the city. The allegation in these two counts is, that the city neglected to abate a common nuisance. The fact of the existence of the nuisance must first be ascertained in some way; after which some officer must be duly authorized to act, either by a general ordinance or by a special resolution. Let us suppose that council had actually acted upon this identical case, and, after due deliberation and discussion, they had found the business was not a nuisance and had decided not to interfere. The fact that such a conclusion might possibly be reached, proves the power of the city in such a case to be discretionary, and, therefore, their mistake not the subject of an action at law. As well might the court be sued for a mistake in its discretion as a municipal corporation for errors of judgment in its officers. The law is stated as follows: " A failure of the corporation to exercise its charter power to abate nuisances, does not give a person who is injured by the failure a private action against the corporation:" 2 Dillon Mun. Corp., § 951. Judgment for the defendant on demurrer.

Thereupon the plaintiff took this writ, assigning the said judgment as error.

*Mr. John V. Rice* (with him *Mr. Garnett Pendleton*), for the plaintiffs in error:

1. A person, whether natural or artificial, upon whom a legal duty is imposed, is liable for injuries arising from the neglect of that duty: Erie City v. Schwingle, 22 Pa. 388. So long as a municipal corporation exists, it is subject to the liabilities of any other corporation, public or private: Philadelphia v. Fox, 64 Pa. 180; and, unless exempted by statute, it is responsible for the acts and omissions of its servants, upon the same principle and to the same extent as a private person: Shear. & R. Neg., 172. Under an obligation imperatively imposed, such a corporation no longer enjoys the immunity incident to its governmental functions: Idem 167, n.

2. Where a duty is imposed, its neglect is actionable even in

the absence of a statute giving an action: Erie City v. Schwingle, supra; Mayor of Baltimore v. Marriott, 9 Md. 175; true of a corporation as well as of a natural person: Terry's Ang.-Amer. Law, 19, 20; Dill. Mun. C., §§ 961–5; or of quasi corporations: Erie City v. Schwingle, supra; North Lebanon v. Arnold, 47 Pa. 490. But without the power to do a thing, no duty to do it can arise. The statutes confer the power specifically and generally. The making and selling of fireworks and manufactories of fire-works in a thickly settled community are nuisances at common law: 4 Bl. Com. 168; Wood Nuis., §§ 50, 69; Stephen's Dig. Cr. L., 127–8; Hepburn v. Lordan, 11 Jur. 132; Rhodes v. Dunbar, 57 Pa. 290; Wier's App., 74 Pa. 242; as well as by legislation: § 1, act of February 9, 1751, 1 Sm. L. 208; Homer & Sons v. Commonwealth, 15 W. N. 337; the incorporating act of 1867, P. L. 677. Did this power amount to a duty?

3. If a statute says a thing may be done, which is for the public benefit, it shall be construed that it must be done. *May* in a statute means *must* whenever third persons or the public have an interest in having the act done which is authorized by such permissive language: Dwar. Stat. 220 and n.; Supervisors v. U. S., 4 Wall. 435; Mayor of N. Y. v. Furze, 3 Hill 612; Mayor of Balt. v. Marriott, 9 Md. 179; Carr v. Northern Liberties, 35 Pa. 330; Erie v. Schwingle, 22 Pa. 387; Norristown v. Moyer, 67 Pa. 362; Commonwealth v. Van Sickle, 4 Clark 104; Attorney Gen. v. Locke, 3 Atk. 166; Commissioners v. Duckett, 20 Md. 469; Kiley v. Kansas City, 69 Mo. 102; Commonwealth v. Pittsburgh, 34 Pa. 496; Dill. Mun. C., §§ 98, 379 n.; Wood N., § 749. Thus the power is imperative, not discretionary.

4. Is the power to pass an ordinance discretionary? In Norristown v. Moyer, 67 Pa. 362, there was something in the charter discussed to be carried out by means of legislation; yet this court said: Under this charter the repair of streets and the removal of nuisances therefrom, is a duty clearly enjoined by statute. The ruling in Erie City v. Schwingle, 22 Pa. 389 is pertinent. Manifestly the object in conferring the power was the protection and preservation of life and property. Things inherently dangerous to the public are public nuisances, whether declared such by ordinance or not: Pittsburgh v.

Grier, 22 Pa. 65 ; Mayor of Baltimore v. Marriott, 9 Md. 175. It is inconceivable that the power to repair streets should be imperative, and the power to preserve life discretionary.

5. This duty was neglected. Negligence may consist as well in not doing the thing which ought to be done, as in doing that which ought not to be done : Barnes v. Dist. of Columbia, 91 U. S. 540 ; Fritsch v. Allegheny, 8 W. N. 319. Natural probability of result is all that is necessary to constitute the neglect of duty the proximate cause of injuries flowing from it : McGrew v. Stone, 53 Pa. 441 ; Pittsburgh v. Grier, 22 Pa. 65.

*Mr. Orlando Harvey*, for the defendant in error :

1. A municipal corporation is not liable to an action for damages, either for the non-exercise of, or for the manner in which in good faith it exercises discretionary powers of a public or legislative character : 2 Dill. Mun. C., § 949. So, a failure to exercise a charter power to abate nuisances, does not give a person who is injured by the failure a right to a private action : Idem, § 951 ; Kansas City v. Kiley, 13 Amer. & Eng. Corp. Cases 446 ; Herrison v. New Haven, 37 Conn. 475 ; Levys v. Mayor of N. Y., 1 Sanf. 464 ; Carr v. Northern Liberties, 35 Pa. 324 ; Grant v. Erie, 69 Pa. 420 ; Fair v. Philadelphia, 88 Pa. 309 ; Collins v. Philadelphia, 93 Pa. 272 ; Stevenson v. Phœnixville, 1 Ch. Co. 113 ; Norristown v. Fitzpatrick, 8 W. N. 459.

2. The power to abate nuisances must be reasonably exercised, and although the power given is to be exercised in any manner the corporate authorities deem expedient, it is not an unlimited power : 1 Dill. on Mun. C., § 95 ; Denver v. Mullen, 4 Amer. & Eng. Corp. Cas. 304 ; Railway Co. v. Town, etc., 105 Ill. 207 ; Yates v. Milwaukee, 10 Wall. 497 ; Everett v. Council Bluffs, 46 Iowa 66 : Coyle v. Kegler, 5 Amer. & Eng. Corp. Cas. 361. Therefore an action will not lie for a failure to exercise legislative functions to the injury of private persons : Brinkmeyer v. Evansville, 29 Ind. 187 ; Reock v. Mayor of Newark, 4 Vroom 129 ; Wilson v. Mayor, 1 Den. 595 ; Carr v. Northern Liberties, 35 Pa. 330 ; Goodrich v. Chicago, 20 Ill. 445.

3. If, however, an ordinance had been passed, declaring the

fire-works manufactory a nuisance, or, generally, all such places nuisances, the city would not be liable for the failure of its officers to abate the nuisance: 2 Dill. Mun. C. § 950; Norristown v. Fitzpatrick, 8 W. N. 459; Stevenson v. Phœnixville, 1 Ch. Co. 113; Elliott v. Philadelphia, 75 Pa. 347; Buttrick v. Lowell, 1 Allen 172; Odel v. Schroder, 58 Ill. 353; Mitchell v. Rockland, 52 Me. 118; Sherman v. Grenada, 51 Miss. 186; Sutton v. Police Board, 41 Miss. 236; Chandler v. Bay St. Louis, 57 Miss. 327; Halford v. New Bedford, 16 Gray 297; Faulkner v. Aurora, 2 Amer. & Eng. Corp. Cas. 520.

OPINION, MR. JUSTICE CLARK:

This action on the case was brought against the city of Chester to recover damages for a personal injury received by the plaintiff, Cornelius V. McDade, from the explosion of a manufactory of fire-works, operated in that city by Professor Jackson. The manufactory was the individual property of the operator, and was located upon his ground. On the 17th of February, 1882, the manufactory caught fire, and, whilst the plaintiff was assisting in the extinguishment of the flames, an explosion of the fire-works occurred, from which the injury complained of was received.

The plaintiff's contention is, that it was the duty of the city to have suppressed this manufactory of fire-works; that this duty was neglected; that in consequence of the neglect, the plaintiff received his injuries, and that the city is liable in damages for the same. The question is raised upon a demurrer to the plaintiff's declaration. The defendant sets forth, as cause of demurrer, that there was no absolute duty or obligation resting upon the city to prohibit the manufacture of fire-works, or limit the quantity of inflammable materials, which might be kept in store by Jackson, or to abate the manufacture or suppress the sale of fire-works as a common nuisance.

The city of Chester was incorporated under a special act of assembly of 14th of February, 1866, P. L. 30, with the same powers, privileges, etc., as were granted to the city of Harrisburg, under an act approved 19th of March, 1860, P. L. 175. By the eighth section of the act of 1860, thus extended, the mayor and councils of the city of Chester were empowered "to make, ordain, constitute and establish all such by-laws,

ordinances, resolutions and regulations as they may deem necessary to preserve the peace and promote the good order, government and welfare of the said city, and the prosperity and happiness of the inhabitants thereof." By the act of April 2, 1867, P. L. 677, the mayor and councils of the said city, in addition to all the powers theretofore granted, were, inter alia, further empowered:

" 11. To prohibit and remove any obstructions in the highways, and any nuisance or offensive matter, whether in the highways or on public or private ground.

" 12. To prohibit within the said city the carrying on of any manufacture, art, trade or business which may be noxious or offensive to the inhabitants thereof, the manufacture, sale or exposure of fire-works, or other inflammable or dangerous articles, and to limit and prescribe the quantities that may be kept in one place, of gunpowder, fire-works, turpentine and other inflammable articles, and to preserve such other safeguards as may be necessary."

And for the purposes aforesaid, the mayor and councils had full power to enter upon the lands or premises of any person or persons, by themselves and their duly appointed officers and agents. By the fifth section of the act of March 22, 1869, P. L. 484, it was provided that the said mayor or council shall have power to cause the removal, by such means as to them shall seem best, of any nuisance.

It is contended by the plaintiff in error that this manufactory of fire-works was per se a public nuisance, of which the mayor and councils, under the city charter and the several statutes referred to, were bound to take notice; that the duty to suppress it was legal and absolute, and the city, failing to do so, is liable for all injuries which are the approximate results of its continuance. Upon a careful examination of the whole case, we are unable to adopt this view of the case.

When a legal duty has been imposed by statute upon a municipal corporation, it is undoubtedly liable for injuries resulting from the neglect of that duty; in such case it stands on the same footing in respect to negligence as a purely private corporation or an individual: Erie City v. Schwingle, 22 Pa. 388; Shear.& Redf. on Neg. 167; Dillon Mun. Corp., §§ 961–5. But the duty imposed must be absolute or imperative, not such

as, under a grant of authority, is intrusted to the judgment and discretion of the municipal authorities; for it is a well settled doctrine that a municipal corporation is not liable to an action for damages, either for the non-exercise of, or for the manner in which, in good faith, it exercises discretionary powers of a public or legislative character: Dillon Mun. Corp., § 949. It is certainly unnecessary to cite further authorities in support of a principle so well settled; indeed, we do not understand the general doctrine to be denied, but it is argued that it is inapplicable to the case now in hand.

It is likewise true that when a power is given to do an act which concerns the public interest, the execution of the power, when applied to a public officer or body, may be insisted upon as a duty, although the phraseology of the statute be permissive only; especially is this so when there is nothing in the act save the permissive form of expression to denote that the legislature designed to lodge a discretionary power merely. But where the power is lodged with persons exercising, or to exercise, legislative or judicial functions, and the subject-matter of the statute and its phraseology concur in showing that the authority is essentially discretionary, no absolute duty is imposed. The true rule is very correctly stated in our own case of Carr v. Northern Liberties, 35 Pa. 330, as follows: "Where any person has the right to demand the exercise of a public function, and there is an officer or set of officers authorized to exercise that function, there the right and the authority give rise to the duty; but where the right depends upon the grant of authority, and that authority is essentially discretionary, no legal duty is imposed."

To the same effect is the very recent case of Lehigh Co. v. Hoffort, 116 Pa. 119, where it was held that an act of assembly which authorized the county commissioners to erect a foot-walk along the side of a county bridge for the public use and benefit, was a discretionary power only, and the county was not liable for the non-exercise of the same. Where the subject-matter is intrusted for legislative or judicial action, the duty of course is essentially discretionary; no person has the right to demand the exercise of this public function, and there is therefore nothing which can give rise to an absolute duty.

The language of the several statutes above referred to is

plainly permissive only. By the act of 1860 the officers of the corporation are vested with full "power and authority" to make, ordain, etc., such ordinances, regulations, etc., as they may deem necessary, etc. By the act of 1867 it is declared that the mayor and councils, etc., in addition to all powers heretofore granted, etc., "shall have the following powers," etc.; and by § 5, act of March 22, 1869, it is provided that they "shall have power" to cause the removal of any nuisance "by such means as to them shall seem best." If these provisions are held to be imperative, it must be upon some rule of construction which will impart to the words an interpretation beyond their usual signification. Moreover, the powers granted in the act of 1867 are over such matters as constitute appropriate subjects of legislation or judicial action in the government of a municipality. The laying out and opening of streets, common sewers, public squares and sidewalks; the regulation of party walls, and of weights and measures; the prohibition of horses, cattle or swine from running at large, etc., are embraced in the same section, and the regulation and control of all these respective matters are committed to the mayor and councils, in the same permissive form of words. It is plain, we think, that all the various matters mentioned in the eighth section, including the prohibition and abatement of nuisances, were given into the control of municipalities as proper subjects for legislation in the government of the city; and as such action necessarily involves the exercise of discretion, no absolute duty was imposed or intended to be imposed by the legislature. The whole question is one of legislative intention, and we find nothing in these several statutes to indicate that the legislature meant more than is plainly expressed.

There can be no doubt whatever that the municipal authorities of the city of Chester had full power to act in the premises. They had undoubted authority either to limit or to prohibit altogether the manufacture, sale or exposure of fireworks within the corporate limits, and to provide such safeguards for the security of its citizens as in their judgment might be necessary. This subject-matter had been especially intrusted to their judgment and discretion in the charter and acts of assembly mentioned; but certainly no person had any right to demand the exercise of this power in any particular

way or to any greater extent than the mayor and councils, in good faith and in the exercise of their discretion, might see proper to provide.

Many of the cases cited by the plaintiff in error refer to the non-exercise of power to repair streets and to remove nuisances therefrom. It has never been doubted that municipal corporations are responsible for the results of the negligence of their officers in the repair of their highways. The repair of the highways is a mandatory and absolute duty; it is expressly imposed by statute on the road supervisors of the respective townships: Rappho v. Moore, 68 Pa. 404; and where a municipal corporation, by the acceptance of a charter investing it with the care of the highways within its borders, withdraws the charge from this general peremptory provision, it, by implication, undertakes the duty from which it has absolved the supervisors. Where, under such circumstances, special powers are conferred upon a corporation to open, grade, improve and exclusively control and regulate the public streets within its limits, and the means are provided by taxation for this purpose, although the duty to repair is not enjoined by statute or an action expressly given, both the duty and the liability will be deduced therefrom: Dillon Mun. Corp., § 789.

We are clearly of opinion that the learned court was right in entering judgment for the defendant, and therefore the judgment is affirmed.