# P. A. Ahl & Bro.'s Assigned Estate. Appeal of T. W. Ahl, Executor of C. W. Ahl, deceased.

*Equity—Accounts—Res adjudicata.*

The property of a railroad company was transferred by the owners to a trustee under an agreement that he was to sell the property and out of the proceeds to pay certain indebtedness of the company and then account for the balance. The trustee sold the property of the company and agreed with the purchasers to pay all claims against it except those secured by its bonds. P. A. Ahl, who had owned the bonds and a majority of the stock of the railroad company whose property had been so transferred, was a member of the firm of P. A. Ahl & Bro., and this firm made an assignment for the benefit of creditors. The assignees subsequently filed a bill against the trustee for an accounting, and a decree was entered against him for the balance in his hands, which he paid. A claim for land damages which had been in existence for several years prior to the filing of the bill, had been known by all parties, and was ripe for adjustment at the time the account was stated by the master but was not included therein, was subsequently paid by the purchasers of the railroad property who recovered the amount from the trustee under his agreement. *Held,* that the trustee could not recover from the assigned estate the claim which he had been compelled to pay, as it was a part of the subject-matter of the accounting, and the decree in the equity proceeding was conclusive.

Argued May 2, 1895. Appeal, No. 18, July T., 1895, by T. W. Ahl, executor of C. H. Ahl, deceased, from order of

C. P. Cumberland Co., Sept. T., 1893, No. 161, overruling exceptions to auditor's report. Before GREEN, WILLIAMS, MC-COLLUM, MITCHELL and FELL, JJ. Justice WILLIAMS presiding. Affirmed.

Exceptions to auditor's report.

The facts appear by the opinion of the Supreme Court.

*Error assigned* was overruling exceptions to auditor's report.

*John Hays*, for appellant.—When a contract for the purchase of land is made by one in his own name but in fact as the agent of an undisclosed principal, and the latter has entered into possession in pursuance thereof and made valuable improvements, the vendor may sustain assumpsit against the principal for the recovery of the purchase money: Hall v. White, 123 Pa. 95. The covenant being against liabilities other than the mortgage bonds, the covenant was broken the instant it was delivered, because of the then existing liability to John B. Urich, and this regardless of notice, and a right of action then accrued: Cathcart v. Bowman, 5 Pa. 317; Memmert v. McKeen, 112 Pa. 315. A surety who pays his principal's debt is entitled to be subrogated to all the rights and remedies of the creditor against his cosurety, in the same manner as against the principal: Hess's Est., 69 Pa. 272; Brown v. Black, 96 Pa. 482; Boltz's Est., 133 Pa. 77. A defendant in a suit is not entitled to set off against the plaintiff damages for a breach of contract between them, unless said breach was complete at the time of suit brought: Zuck v. McClure & Co., 98 Pa. 541; Jordan v. Sharlock, 84 Pa. 306; Skiles v. Houston, 110 Pa. 254. The rights of creditors of an insolvent corporation become fixed by a decree of the court ordering the dissolution thereof. No rights can be subsequently acquired by a creditor which will entitle him to a larger participation in the assets of such insolvent corporation.

*W. Trickett, J. M. Weakley*, with him, for appellee.—A judgment is conclusive not only upon the terms actually recovered for, but upon those for which the plaintiff might have recovered: Corbett v. Evans, 25 Pa. 310; Logan v. Caffrey, 30 Pa. 196

Alcott v. Hughus, 105 Pa. 350; Myers v. Kingston Coal Co., 126 Pa. 582; 21 Am. & Eng. Ency. of Law, 216, 220. That debts originating subsequently to an assignment cannot participate in the assigned estate scarcely needs authority: App. of Jordan and Porter, 107 Pa. 75; Weinman & Co.'s Est., 164 Pa. 405. A judgment recovered against a surviving partner is not evidence against the representatives of the deceased partner: Moore's App., 34 Pa. 411; cf. Kramph's Ex. v. Hatz's Ex., 52 Pa. 525.

OPINION BY MR. JUSTICE FELL, July 18, 1895:

In 1877 P. A. Ahl transferred all the bonds and a majority of the stock of the Harrisburg and Potomac Railroad Co. to C. W. Ahl under an agreement that they should be sold by C. W. Ahl, and after the payment of certain debts of P. A. Ahl and of the firm of which he was a member, due C. W. Ahl, and the debts of the railroad company, the balance was to be paid to P. A. Ahl and brother. In 1879 bonds to the amount of $217,000 were sold by C. W. Ahl to the Philadelphia and Reading Railroad Co., with a covenant that he should pay all the indebtedness of the Harrisburg and Potomac Railroad Co., except that secured by its bonds. A claim for damages for land taken in the construction of the road, then unsettled, was reduced to judgment in 1885 and paid by the Philadelphia and Reading Railroad Co., which company in 1894 presented a claim for reimbursement against the estate of C. W. Ahl, and was awarded a dividend in the distribution. In 1885 P. A. Ahl and D. V. Ahl individually and trading as P. A. Ahl and Brother made assignments of their property for the benefit of creditors. The claim in dispute was made by the executor of C. W. Ahl for repayment of the amount which his estate was required to pay the Philadelphia and Reading Railroad Co. The fund for distribution appears to have been derived entirely from the sale of the individual property of D. V. Ahl.

In 1885 a bill for discovery and an account was filed by the assignee against C. W. Ahl, and the proceeding ended in a final decree against his estate for over ten thousand dollars. The account stated included the proceeds of the sale of the bonds of the Harrisburg and Potomac Railroad Co., and credit was allowed for all debts of the company paid. The claim for

land damages which has given rise to this controversy was in existence ten years before the bill for an account was filed, and was reduced to judgment soon after, and before any testimony had been taken in the case. It was known to the parties and was ripe for adjustment at the time the account was stated by the master. The duty of C. W. Ahl as agent or trustee was to pay all claims against the railroad company, and his obligation to account was for the balance remaining in his hands. This claim was liquidated, and there was no reason for withholding it. It was not an independent demand which might be set off or defalked. It was a part of the subject-matter of the accounting, and the decree in the equity proceeding is as conclusive in respect of this demand as it is in respect of any item of the plaintiff's claim, whether adjudicated or omitted by mistake.

The record moreover discloses no reason for allowing the claim to participate in the distribution now to be made. D. V. Ahl was not a party to the agreement for the sale of the bonds, and assumed no liability in relation to it; and if any arose by the receipt of the money by the firm of which he was a member it was after the assignment, and cannot come in upon the fund in the hands of the assignees.

The judgment is affirmed at the cost of the appellant.