## Powers *v.* City of Philadelphia, Appellant.

*Negligence—Municipalities—Care of property—School building.*

Municipal corporations are liable for the improper management and use of their property to the same extent and in the same manner as private corporations and natural persons.

A city is liable for injuries to a school boy, suffered by reason of negligence in the maintenance of a dangerous board walk running from a main school building to an annex on property owned by the city and devoted to the use of a public school.

Argued Oct. 11, 1901. Appeals, Nos. 270 and 271, Oct. T., 1900, by defendant, from judgment of C. P. No. 4, Phila. Co., March T., 1897, Nos. 127 and 128, on verdict for plaintiff in cases of Ralph Powers, by his next friend, William H. Powers, v. City of Philadelphia, and William H. Powers v. City of Philadelphia. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before WILLSON, J.

At the trial it appeared that Ralph Powers, plaintiff, a boy seven years old, fell on a defective board walk in the yard of Paschalville school, a public school maintained by the city of Philadelphia. The accident occurred on December 10, 1895, while the boy was playing during a recess.

The court charged in part as follows:

[For the purposes of this case, I instruct you that if the city was in care of those premises, it makes no difference if it was in care of them through an agency like the board of education,

and it was bound to keep the space which was used by the pupils for a playground and for passageway from one building to another, in a condition that was safe for the pupils to use in a natural, ordinary way, in any way which would be expected, whether for play or for more serious activity. If this boy was hurt because the city did not discharge its duty and did not keep that board walk in such a condition as was reasonable and proper in view of the uses to which it was put, and if this boy received his injury while he was using it in a way which was natural and proper for a boy of his age, and received his injuries because of that defect and through that defect operating as the cause of the injury, then he has a right to recover a verdict against the city, and his father has also a similar right if he has shown any ground from the facts of the case which justify a verdict.] [2]

Verdict and judgment for Ralph Powers for $500. Verdict and judgment for William H. Powers for $250. Defendant appealed.

*Errors assigned* were (1) in refusing binding instructions for defendant. (2) Portions of charge as above, quoting it.

*E. Spencer Miller*, assistant city solicitor, with him *John L. Kinsey*, city solicitor, for appellant.—Where individuals by private or public corporate enterprise, undertake to better the condition of others in the community, thereby assuming a benevolent burden, the law should not fasten upon them an additional burden of vicarious liability in favor of the same beneficiary for casualties which are really in a more or less degree, essential incidents of all complex undertakings: Hill v. Boston, 122 Mass. 344; Bigelow v. Randolph, 14 Gray, 543; Benton v. Boston City Hospital, 140 Mass. 13; 1 N. E. Repr. 836.

No liability exists upon the part of a municipality, for negligence of an employee within the governmental sphere: Maxmilian v. New York, 62 N. Y. 160; Lefrois v. Monroe County, 162 N. Y. 563; 57 N. E. Repr. 185; Knight v. Phila., 15 W. N. C. 307; Betham v. Phila., 196 Pa. 302; School District of Erie v. Fuess, 98 Pa. 600; Ford v. Kendall Boro. School District, 121 Pa. 543.

*A. S. Ashbridge, Jr.*, for appellee.—The general theory of the

law seems to be that a municipal corporation is invariably liable for damages arising from the failure to repair wherever repair is a duty: Allentown v. Kramer, 73 Pa. 409; Willey v. Allegheny, 118 Pa. 490; Elliott v. Phila., 75 Pa. 347; Kies v. Erie, 169 Pa. 598; Glase v. Phila., 169 Pa. 488; Corbalis v. Newberry Township, 132 Pa. 9; Dalton v. Tyrone, 137 Pa. 18; Barthold v. Phila., 154 Pa. 109.

Opinion by William W. Porter, J., January 21, 1902:

There was sufficient evidence in this case of the fact that the injuries to the boy, Ralph Powers, resulted from the bad condition of the board walk, by which he was tripped, and over or into which he fell, to take the case to the jury. This disposes of the first question raised by the appellant.

The second question presented is one of more difficulty, namely, Is the city liable at all for injuries to a school boy, suffered by reason of negligence in the maintenance of a dangerous board walk, running from the main school building to an annex, on property owned by the city and devoted to the use of a public school? It has been more than once said by the Supreme Court that distinction between the cases where municipal corporations have been held liable for torts, and where they have not, is neither entirely logical nor obvious. It has been held that where the city engages in a business from which revenue is derived, as where it furnishes to its citizens water (Philadelphia v. Gilmartin, 71 Pa. 140); electricity (Bodge v. Philadelphia, 167 Pa. 492); or gas (Kibele v. Philadelphia, 105 Pa. 41), the relation of the employees to the city is that of servants, and the maxim respondeat superior applies to acts of negligence in conducting the business. But where injury results from the act or negligence of the servants of the city in the performance of public duty, the maxim does not apply. Thus, the city is not liable for the negligence of its police: Elliott v. Philadelphia, 75 Pa. 347; Borough of Norristown v. Fitzpatrick, 94 Pa. 121; nor for the negligent driving of a fire engine by an employee of the fire department: Knight v. Philadelphia, 15 W. N. C. 307; Kies v. Erie, 135 Pa. 144. The case last cited furnishes a striking illustration of a further distinction. The case was tried twice. As cited above it affirms the doctrine for which it is cited. It again

reached the Supreme Court after a second trial: Kies v. Erie, 169 Pa. 598. That court, while admitting that the defendant was not answerable for the neglect of an employee of its fire department, yet allowed the plaintiff to recover on the ground that the doors of the engine house, which were arranged to spring forcibly open, were shown to the satisfaction of the jury to be a negligent construction. The case of Kies v. Erie, supra, does not stand alone in this line of cases which hold that where real estate is held by the city and devoted to public use, injury resulting from its negligent construction or maintenance may be made the basis of a recovery of damages from the city. Thus, the city of Philadelphia has been held liable for negligence in the maintenance of a public walk constructed upon the roof of the pumping station of the Fairmount Water Works, in Fairmount Park (Glase v. Philadelphia, 169 Pa. 488); and for the death of a boy due to failure to properly guard a well on property acquired by the city and about to be added to the park, the court saying of the well that "it was not only upon the public grounds, but was open of access to persons of all ages:" Barthold v. Philadelphia, 154 Pa. 109. But the case of Briegel v. Philadelphia, 135 Pa. 451, on its facts and on the unequivocal expressions contained in the opinion, seems to make the law distinct and applicable to the case at bar. The city was in that case held liable for the negligent construction or maintenance of the drainage system of a public school house, whereby sewage overflowed upon the property of an adjoining owner. For this injury recovery was had. Mr. Justice MITCH-ELL says, "In the class of cases to which the present belongs, injuries arising from the misuse of land, there has never been any substantial hesitation in holding cities liable. The ownership of property entails certain burdens, one of which is the obligation of care that it shall not injure others in their property or persons, by unlawful use or neglect. This obligation rests, without regard to personal disabilities, on all owners alike, infants, femes covert, and others, by virtue of their ownership, and municipal corporations are not exempt. The general rule is thus stated: 'Municipal corporations are liable for the improper management and use of their property to the same extent and in the same manner as private corporations and natural persons.'" Preceding the quotation the opinion

distinguishes the case under discussion from Ford v. Kendall
School District, 121 Pa. 543, showing that one reason for the
decision there was, that the school district had no funds under
its control except public moneys devoted to a specific charity,
not divertible, even indirectly, to any other use.   Again, in the
opinion in Briegel v. Philadelphia, supra, reference is made to
the case of Boyd v. Fire Insurance Patrol (as first reported in
113 Pa. 269), where the nonliability of charitable, or other
corporations exercising quasi-municipal functions, is deter-
mined.

In Briegel v. Philadelphia, the propositions of law, laid down
in the language quoted, were applied to a case where the real
estate was devoted to the uses of a public school.   In the case
at bar, the property was so used.   In Briegel v. Philadelphia,
no weight was given to the fact that the use was in the nature
of a charity, and the principles of Boyd v. Fire Insurance Pa-
trol, supra, were not applied.   It follows that, in the case at
bar, any person lawfully at the place where the plaintiff fell,
receiving injury from the negligent maintenance of the board
walk, could hold the city liable.   Pre-eminently should this be
true of school children, who are not only invited, but under
compulsion to attend the city's schools.

No error being shown to have been committed by the court
below, the judgment is affirmed.