## Rockett, Appellant, v. Philadelphia.

*Negligence—Municipalities—Highways—Parks—Statutes — Repeal—Local law—Uniform system—Philadelphia Act of April 14, 1868, P. L. 1083, Sec. 21—Act of April 27, 1909, P. L. 265—Obstructions in highways—Automobiles—Speed—Contributory negligence—Case for jury.*

1. The Act of April 14, 1868, P. L. 1083, Sec. 21, prohibiting any person from driving or riding in Fairmount Park in the City of Philadelphia at a rate exceeding 7 miles an hour, is superseded by the Act of April 27, 1909, P. L. 265, controlling and regulating the registration, licensing and speed of motor vehicles in municipalities, in so far as the Act of 1868 limits the speed of motor vehicles in said park.

2. Where the commissioners of said park had not exercised the authority conferred upon them by the Act of 1909 to fix a rate of speed for motor vehicles operating in the park, it was not contributory negligence, as a matter of law, to operate a motor vehicle therein at a speed of between 18 and 20 miles an hour.

3. Where, in an action to recover damages for the death of plaintiff's wife, alleged to have been caused by the negligence of the authorities of the City of Philadelphia, in permitting a fallen tree to obstruct a road in Fairmount Park, it appeared that the tree had fallen about 4:30 in the afternoon, and had been seen by defendant's policemen, that deceased was being driven by friends through the park in the evening at a speed of from 18 to 20 miles an hour; that the car wherein deceased was riding struck the tree, throwing deceased to the ground, whereby injuries were caused which resulted in her death, the case was for the jury, and it was error to enter judgment for defendant n. o. v.

4. The fact that the commissioners of Fairmount Park had, prior to the Act of 1909, adopted a rule regulating the operation of automobiles in the park was not material, where it appeared that the road on which deceased was injured was not one of the roads to which the rule applied.

Argued Jan. 8, 1917.    Appeal, No. 349, Jan. T., 1914, by plaintiff, from judgment of C. P. No. 1, Philadelphia Co., June T., 1911, No. 5702, for defendant n. o. v., in case of Wesley Rockett v. City of Philadelphia.    Before MESTREZAT, POTTER, STEWART, MOSCHZISKER and FRAZER, JJ.    Reversed.

Trespass to recover damages for the death of plaintiff's wife.    Before PATTERSON, J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff for $9,500. The court subsequently entered judgment for defendant n. o. v.    Plaintiff appealed.

*Errors assigned* were in entering judgment for the defendant n. o. v., and in not entering judgment for the plaintiff on the verdict.

*Thomas James Meagher,* for appellant.

*John P. Connelly,* City Solicitor, with him *M. J. Mc-Enery,* Assistant City Solicitor, for appellee.

OPINION BY MR. JUSTICE MESTREZAT, January 29, 1917:

This is an action of trespass brought by the plaintiff to recover damages for the death of his wife resulting, as he alleges, from the negligence of the defendant city in permitting a fallen tree to obstruct Neil Drive, a road about forty feet wide on the west side of the Schuylkill river, in Fairmount Park in the City of Philadelphia. The statement avers that the defendant negligently permitted the tree to be and remain across the roadway endangering the safety of persons lawfully traveling thereon, of which obstruction and danger the defendant had timely and ample notice, and negligently failed to properly and safely guard the obstruction or to give such notice or warning respecting the obstructing tree as was necessary and adequate for the safety and protection of persons lawfully traveling on the roadway. It appears from the plaintiff's evidence that on the night of August 18, 1911, the deceased, her sister-in-law and two gentlemen left the Bellevue-Stratford hotel, in the city, in an automobile, owned by one of the men and operated by him, to go to Narberth, a suburb northwest of the city and the home of the deceased. They crossed the Schuylkill river on the Falls bridge and turned into Neil Drive on the west side of the river. The party proceeded along the roadway at a speed of between eighteen and twenty miles an hour, and when within one hundred yards of City Line collided with a tree which had fallen across the road, its roots being on the east side and its top branches on the west side. The accident occurred between twelve and one o'clock on the morning of the 19th. The four persons were thrown from the machine and injured, the injuries sustained by the plaintiff's wife resulting in her death. The testimony showed that the tree had been uprooted and blown across the road by a wind-storm, and was discovered about four-thirty in the afternoon of Au-

gust 18th by a park guard who testified that he hung red lights on the trunk of the tree, one on the east and one on the west side of the road, and that he saw both lights later that evening and they were burning brightly. Another witness testified that he saw the lanterns on the tree, that they were burning, and that they hung in the roadway, about six feet from the sidewalk. Dr. McCloskey, the owner and operator of the automobile, testified that as he approached the place of the accident, keeping well to the right-hand side of the road, the machine was not in gear and was drifting, that when he was twelve or fifteen feet from the tree he noticed a dim light ahead of him on the left-hand side of the road, that he steered the machine more to the right and the collision occurred. He says that he examined the scene of the accident immediately after the collision, and that the fallen tree was covered with branches and leaves, that the lantern on the right-hand side of the road was not lit and the other was dimly burning. McCloskey also testified that the branches of the tree obstructed the light on the left-hand side of the road so that he could not see it until he was within twelve or fifteen feet of the tree. There was other testimony introduced by the parties, some of which tended to show that the night was "overcast" and dark.

The learned court in a clear and exhaustive charge submitted the negligence of the defendant and the contributory negligence of the deceased and of the operator of the machine to the jury, and they found for the plaintiff. The verdict was set aside, and judgment was entered for the defendant non obstante veredicto on the ground that at the time of the accident the automobile was being driven at a speed exceeding seven miles an hour in violation of Section 21 of the Act of April 14, 1868, P. L. 1083, which fixes the speed for driving and riding in Fairmount Park.

We do not agree with the court below that, at the time of the accident, the Act of 1868 regulated the speed of

automobiles in Fairmount Park, especially on Neil
Drive, and that, therefore, the car in which the deceased
was riding was necessarily being driven at an excessive
rate of speed.   At that time the Act of April 27, 1909,
P. L. 265, was in force.   That act was intended to and
did establish a complete and comprehensive system for
controlling and regulating the registration, licensing,
and speed of motor vehicles in every municipal division
of the State, except where local authorities were, by that
statute, authorized to and did fix a different rate of speed.
The act fixed the maximum speed at one mile in two and
one-half minutes or twenty-four miles an hour, with the
exceptions hereinafter noted, and prohibited any person
from operating a machine on the highways of the State
until the provisions of the act were complied with.   It
enacted that no city, county, borough, or township
should have power to enforce and maintain any ordi-
nance, rule or regulation inconsistent with, or fix a rate
of speed of motor vehicles lower than, the rate permitted
by the act; and declared that all such local ordinances,
rules and regulations then in force should expire and be
null and void.   It is apparent that the legislature in-
tended that the maximum speed prescribed by the stat-
ute should prevail throughout the state except, as pro-
vided in the statute, in dangerous or congested districts
and where park officials had exercised the authority
conferred on them by the act by fixing a less rate of speed
than the maximum speed named in the statute.   The act
fixes the speed in dangerous or congested districts at a
rate not exceeding a mile in five minutes, and empowers
the proper authorities of a park to restrict the speed
limit of twenty-four miles an hour to such rate as may
seem reasonable, provided it shall not be less than al-
lowed other vehicles.   The commissioners of Fairmount
Park have not availed themselves of the exception to the
act and fixed a rate of speed for motor vehicles operating
in the park.   The Act of 1868 provided that "no person
shall drive or ride therein (Fairmount Park) at a rate

exceeding seven miles an hour." This was a statutory regulation and was effective until the Act of 1909 was passed, which fixed a maximum speed of twenty-four miles an hour for motor vehicles throughout the State except, as noted above, in congested districts and in parks. It follows, therefore, that until the commissioners of Fairmount Park exercised the authority conferred by the act and restricted the speed for such vehicles operating in the park, an automobile could be operated within the maximum rate permitted on the highways of the State. No action restricting the rate of speed was taken, under the statute, by the authorities of Fairmount Park prior to the accident, and, hence, the automobile which was traveling from eighteen to twenty miles an hour was not necessarily running at an excessive rate of speed at the time the plaintiff's wife was injured.

At the trial of the cause, the defendant put in evidence a rule regulating the operation of automobiles in the park which was adopted by the commissioners on October 13, 1899. This rule, however, applied to and was operative only on specified roads in the park and did not include Neil Drive on which the accident resulting in Mrs. Rockett's death occurred. The maximum speed limit on the specified roadways fixed by this rule was seven miles an hour, the same as fixed by the Act of 1868. That statute, as will be observed, prescribes certain rules and regulations to be observed in Fairmount Park, one of which fixed the speed limit, and authorized the park commissioners to adopt such other rules and regulations as they might from time to time ordain. The statute having fixed the speed limit, the commissioners were not authorized to change it, nor did they attempt to do so in the additional rules and regulations adopted by them permitting automobiles to be operated on certain roadways in the park. The learned court below, it will be observed, did not enter judgment for the defendant because of the violation of the rule adopted in 1899 by the park commissioners, but disregarded it in finally dispos-

ing of the case. If, however, the regulation should be considered as in force at the time of the accident, it had no application to Neil Drive and, hence, cannot be considered as fixing the maximum rate of speed on that roadway.

We are not convinced, nor was the learned court below, that judgment should be entered for the city, as argued by defendant's counsel, for the reason that the defendant was not guilty of negligence under the circumstances disclosed by the evidence. We think the testimony was sufficient to carry the case to the jury. The negligence of the defendant city and the contributory negligence of the deceased and of the person operating the machine were determined from oral testimony, and the credibility of the witnesses and their testimony were for the jury.

The judgment is reversed, and the court below is directed to enter judgment on the verdict in favor of the plaintiff and against the defendant.