Honaman et al., Appellants, *v.* Philadelphia.

Argued May 20, 1936. Before KEPHART, C. J., SCHAF-
FER, MAXEY, LINN and BARNES, JJ.

*Samuel Kagle,* with him *George C. Klauder* and *Harry
A. Mackey,* for appellants.

*James Francis Ryan,* with him *John J. K. Caskie,* As-
sistant City Solicitors, and *Joseph Sharfsin,* City Solici-
tor, for appellee.

OPINION BY MR. JUSTICE LINN, June 26, 1936:
Appellants, husband and wife, brought suit against
the City of Philadelphia for injuries sustained by the
wife, who was struck by a baseball while she was walk-
ing on a sidewalk along Fairmount Park. The city ap-
pealed to the Superior Court from judgments in favor of
the plaintiff and the Superior Court reversed the judg-
ments. An appeal to this court was allowed.

Parkside Avenue, about 200 feet north of 53d Street,
forms one of the boundaries of Fairmount Park. East

of the sidewalk, in the park, a baseball diamond was laid out so that the catcher stood only 8 or 10 feet from the paved sidewalk, the pitcher throwing toward the street. Ball games had been played on this diamond for about twenty years but no backstops or screens were erected along the highway, though extensively traveled by pedestrians and other highway users. In the course of games, foul tips frequently came back into the street and over the sidewalk, sometimes striking persons or cars passing by. The testimony shows ample notice to the city of this use of its property.

At the time of the accident, the plaintiff, accompanied by a friend, was wheeling her baby in a carriage on the brick pavement. A baseball game was in progress in the park, and as she was passing along, she was struck in the face by a foul tip and severely injured. She testified that while she saw boys on the field she did not know they were playing baseball.

The Superior Court reversed the judgments on the ground that, if the city was negligent, "it arose from a failure to perform a governmental duty, . . . the accident, if it was a preventable one, came about from a failure of proper policing; and this is one of those risks of government against which the citizen has no redress."

The distinctions in the law determining tort liability of municipal corporations arising out of the exercise, on the one hand, of so-called governmental functions, and, on the other, of corporate or proprietary functions, have long been in a state of confusion and uncertainty which the courts are powerless to correct; the subject should receive careful legislative attention.[1]

---

[1] See generally Borchard, Government Liability in Tort, 34 Yale L. J. 1, 129, 229; 36 Yale L. J. 1, 757, 1039; 28 Col. L. Rev. 577, 734; Borchard, State and Municipal Liability in Tort—Proposed Statutory Reform, 20 A. B. A. J. 747, 793 (containing bibliography, page 748); Tooke, The Extension of Municipal Liability in Tort, 19 Va. L. Rev. 97; Harno, Tort Immunity of Municipal Corpora-

The Act of 1867, P. L. 547, 53 PS section 6631, vested title to Fairmount Park in the City of Philadelphia "to be laid out and maintained forever as an open public place and park, for the health and enjoyment of the people of said city." The Act of 1870, P. L. 451, 53 PS section 6681, imposed on the city the duty "to maintain and keep open the said Fairmount Park for the free use and enjoyment of all the citizens of this State, subject to the rules adopted for the good order and government of the same. . . ." The Act of 1867, P. L. 547, and the Act of 1868, P. L. 1083 (53 PS section 6571 et seq.), vested the control and management of the park in certain commissioners. Section 19 of the Act of 1868[2] (53 PS section 6582) confers on the commissioners the power to govern, manage and maintain the park in good order and repair and to suppress all disorders. Their jurisdiction extends to the breadth of the footway next the park in all streets bounding on the park (section 8, 53 PS section 6639) ; they are given power to make rules and regulations (section 21, 53 PS section 6661), to appoint officers (section 12, 53 PS section 6574) and to "employ, equip and pay a park force, adequate to maintain good order therein" (section 27, 53 PS section 6665).

While it has never been expressly stated that, in maintaining parks and playgrounds, the city exercises a proprietary function, it has been held that in maintaining such places the municipality must exercise reasonable care: *Paraska v. Scranton,* 313 Pa. 227, 169 A. 434; *Weber v. Harrisburg,* 216 Pa. 117, 64 A. 905; *Rockett v. Phila.,* 256 Pa. 347, 100 A. 826; *Glase v. Phila.,* 169 Pa. 488, 32 A. 600; *Barthold v. Phila.,* 154 Pa. 109, 26

---

tions, 4 Ill. L. Q. 28; Doddridge, Distinction between Governmental and Proprietary Functions of Municipal Corporations, 23 Mich. L. Rev. 325; note 46 Harv. L. Rev. 305.

[2] These statutes were considered in *Philadelphia v. McManes,* 175 Pa. 28, 34 A. 331; *Ankenbrand v. Phila.,* 52 Pa. Superior Ct. 581; *Wood v. Phila.,* 59 Pa. Superior Ct. 90.

A. 304. It has been held that "Municipal corporations are liable for the improper management and use of their property, to the same extent and in the same manner as private corporations and natural persons": *Briegel v. Phila.*, 135 Pa. 451, 459, 19 A. 1038; *Kies v. Erie*, 169 Pa. 598, 32 A. 621; *Powers v. Phila.*, 18 Pa. Superior Ct. 621; see *Mattimore v. Erie*, 144 Pa. 14, 22 A. 817; *Allentown v. Kramer*, 73 Pa. 406. When a duty is imposed on a municipality in its proprietary capacity, breach of the duty creates liability for resulting injuries: *McDade v. Chester*, 117 Pa. 414, 12 A. 421; *Scibilia v. Phila.*, 279 Pa. 549 at 554, 124 A. 273. As applied to this case the duty is imposed by the Act of 1870, supra: "The city . . . is hereby required to maintain and keep open the said Fairmount Park." While immune from liability for negligent conduct in some, though not all, classes of governmental activity (see *Scibilia v. Phila.*, supra), this immunity does not follow breach of duty in its corporate or proprietary capacity. We think the city acts in its corporate or proprietary capacity in maintaining its parks.[3] It is then subject to the same measure of care in the performance of its duties and obligations arising out of ownership as any other person in possession and control of land, as to which see *Pope v. Reading Co.*, 304 Pa. 326, 156 A. 106; *Bell v. Pittsburgh*, 297 Pa. 185, 146 A. 567; *Fitzpatrick v. Penfield*, 267 Pa. 564, 109 A. 653; *Rafferty v. Davis*, 260 Pa. 563, 103 A. 951; *Grier v. Sampson*, 27 Pa. 183; *Restatement, Torts*, volume 2, section 318; *Ford v. Grand Union Co.*,[4] 268 N. Y.

---

[3] See *Augustine v. Town of Brant*, 249 N. Y. 198, 163 N. E. 732; *Magnuson v. Stockton*, 116 Calif. App. 532, 3 P. (2d) 30; *City of Sapulpa v. Young*, 147 Okla. 179, 296 P. 418; *Waco v. Branch*, 117 Texas 394, 5 S. W. (2d) 498; *Byrnes v. Jackson*, 140 Miss. 656, 105 So. 861; *Ramirez v. Cheyenne*, 34 Wyo. 67, 241 P. 710; *Warden v. Grafton*, 99 W. Va. 249, 128 S. E. 375.

[4] Employees used basement of defendant's building for a shooting gallery; liability denied only because no notice was brought home to defendant.

▉▉▉▉▉▉▉▉▉▉▉▉

▉▉▉▉▉▉▉▉▉▉▉

243, 197 N. E. 266, 270; *Hogle v. Franklin Mfg. Co.,*[5] 199 N. Y. 388, 92 N. E. 794; *Harrington v. Border City Mfg. Co.,*[6] 240 Mass. 170, 132 N. E. 721; *Pease v. Parsons,*[7] 273 Mass. 111, 173 N. E. 406; *Ver-Vac Bottling Co. v. Hinson,*[8] 147 Md. 267, 128 A. 48; *Murray v. Nelson,* 97 Vt. 101, 122 A. 519; *Wills v. Wis.-Minn. L. & P. Co.,* 187 Wis. 626, 205 N. W. 556.

The Superior Court was of opinion, and the same view is urged upon us by the city, that the only method of guarding passers-by and other lawful users of the highway is by adequate police protection, that policing is a governmental function, and that the city is not liable for failure in that respect. It is true that generally a municipality is not liable for inadequate police service. But where, in its capacity of landowner, performance of its duty of reasonable care requires other precautions, the city is responsible for damage resulting from failure to employ them. The breach of duty[9] in this respect and

---

[5] Holding that employer must take reasonable precautions to prevent missiles being thrown from his premises by employees, though acting against his orders.

[6] Plaintiff injured by baseball batted by defendant's employees; no liability because not sufficient evidence of dangerous condition; but court said: ". . . the defendant would be liable if, by acts negligently permitted or authorized by it on its land the plaintiff was injured while she was lawfully on the highway. . . ."

[7] Liability on owner who permitted boys to play baseball on his land for injuries to adjoining property.

[8] Landowner liable for negligent removal of tree bordering on highway by person to whom he had sold it.

[9] The distinction may be illustrated by the two suits reported as *Kies v. Erie,* 135 Pa. 144, 19 A. 942, and 169 Pa. 598, 32 A. 621. The plaintiff was injured by the sudden opening across the sidewalk of the doors of a firehouse as she was passing by. The first case was tried on averments of negligence of the city's employees, the firemen, in opening the doors improperly; a nonsuit was entered and affirmed on the theory that the firemen were acting for the city in a governmental capacity. A second suit was brought and liability was imposed for maintaining a defective construction in that a spring caused the doors to open too quickly.

not the failure to police may be the proximate cause. This element also distinguishes the cases referred to which deal with accidents from improper use of highways. In this case the erection of backstops or other barriers appropriate for the purpose would, for example, have constituted a performance of the duty imposed on the city by the act of assembly.

We also agree, as the learned trial court held, that, in the circumstances, plaintiff's contributory negligence was for the jury.

The judgment of the Superior Court is reversed and the judgments on the verdicts are reinstated.