## Edwin Ewen, Appellant, *v.* City of Philadelphia.

*Municipalities — Discretionary power — Duty to guard dam—Rivers— Damages—Negligence.*

A municipal corporation is not liable to an action for damages, either for the nonexercise of, or for the manner in which, in good faith, it exercises discretionary powers of a legislative character.

Where a river flowing through a park has been made a slack-water navigation by a corporation authorized by statute, with power to erect dams and locks, a city in which is vested the title to the park has no duty, in the absence of statutory requirement, to maintain safeguards above a dam erected by such corporation within the park limits, to prevent boats from drifting over the dam.

The city of Philadelphia is subject to no duty to maintain safeguards across the Schuylkill river above the Fairmount dam.

Argued Jan. 17, 1900. Appeal, No. 250, Jan. T., 1899, by plaintiff, from order of C. P. No. 4, Phila. Co., Sept. T., 1897, No. 189, refusing to take off nonsuit. Before GREEN, C. J., MITCHELL, DEAN, FELL, BROWN and MESTREZAT, JJ. Affirmed.

Trespass for death of plaintiff's wife. Before AUDENREID, J.

At the trial it appeared that on May 15, 1897, plaintiff with his wife and others, boarded one of the steamboats in Fairmount park with the intention of going up the Schuylkill river. There had been a heavy rain, and the river was high. The boat after leaving the wharf did not obtain proper headway, and was carried down the river and over the Fairmount dam. The wife of the plaintiff and three others were drowned. There was no barrier above the dam.

The court entered a compulsory nonsuit, which it subsequently refused to take off.

*Error assigned* was refusal to take off nonsuit.

*J. M. Vanderslice*, with him *Clarence Vanderslice*, for appellant, cited Hey v. Phila., 81 Pa. 44; Yoders v. Amwell Twp., 172 Pa. 447; Lower Macungie Twp. v. Merkhoffer, 71 Pa. 276; New-

lin Twp. v. Davis, 77 Pa. 317; Scott Twp. v. Montgomery, 95 Pa. 444; Burrell Twp. v. Uncapher, 117 Pa. 353; Pittsburg v. Grier, 22 Pa. 54; Scott v. Hunter, 46 Pa. 192; Plymouth Twp. v. Graver, 125 Pa. 24; Herr v. City of Lebanon, 149 Pa. 222; Glase v. Phila., 169 Pa. 488.

*E. Spencer Miller*, assistant city solicitor, and *John L. Kinsey*, city solicitor, for appellee, were not heard.

PER CURIAM, February 5, 1900:

The river Schuylkill is a slackwater navigation, made so by a corporation duly authorized by state legislation, with power to erect dams and locks and other appliances necessary for the purpose, and subject to a duty to maintain the navigation in a manner for practical use. The dam at which the accident in question occurred is a part of the system of navigation thus established. We have not been referred to any authority declaring that either the navigation company or the city is subject to any duty to maintain safeguards across the river above the dam, in order to prevent boats or vessels of any kind from floating over the dam. In the absence of any legislation establishing such a duty, we fail entirely to discover any principle upon which a recovery can be based in such a case as this. In McDade v. Chester City, 117 Pa. 414, we said: " When a legal duty has been imposed by statute upon a municipal corporation, it is undoubtedly liable for injuries resulting from the neglect of that duty; in such case it stands on the same footing in respect of negligence as a purely private corporation. . . . But the duty imposed must be absolute or imperative, not such as, under a grant of authority, is intrusted to the judgment and discretion of the municipal authorities; for it is a well-settled doctrine that a municipal corporation is not liable to an action for damages, either for the non-exercise of, or for the manner in which, in good faith, it exercises discretionary powers of a legislative character."

In the present case no duty of any kind in this regard has been imposed, and hence the reasoning above stated is quite conclusive that there is not any basis of liability upon which a right of recovery can be set up. There was no real occasion for the accident in question except the want of proper care on the part of the persons who were running the vessel, and for

the want of such care the city of course is not liable. The authorities cited for the erection of barriers on the precipitous sides of public highways have no application.

Judgment affirmed.