## Vallo *v.* United States Express Co., Appellant.

*Negligence—Use of sidewalk—Question for jury.*

Occupants of places of business upon a public street have a right to use the sidewalk in front of their premises in receiving and sending out merchandise. But this right must be exercised with a due regard to the rights of pedestrians and in a reasonable manner; and what is a reasonable manner must always depend upon the circumstances. No precise rule can therefore be laid down as to the length of time a person, in such use of a sidewalk, may allow his property to remain thereon without incurring the charge of negligence; the question is for the jury.

*Proximate cause—Sudden peril—Contributory negligence.*

When a person has been put in sudden peril by the negligent act of another, and, in an instinctive effort to escape from that peril, falls upon another peril, it is immaterial whether under different circumstances he might and ought to have seen and avoided the latter danger.

Plaintiff, who was blind in one eye, was walking in the evening on a sidewalk of one of the principal thoroughfares of Philadelphia. In front of the defendant's premises a small, dark green safe had been left on the sidewalk by the defendant for from two to five minutes. At the time the plaintiff came opposite the defendant's premises, a trunk was suddenly pitched from a delivery wagon of the defendant standing in the street. To avoid being struck by the flying trunk plaintiff moved towards the centre of the sidewalk, keeping his eye upon the trunk while it was coming, and in so doing fell over the safe, and sustained injuries. An electric light was burning about forty-two feet to the east of the point where the accident occurred. *Held*, that the question of the plaintiff's right to recover was for the jury.

In such a case if the plaintiff was so suddenly put in peril as to leave no time for consideration of the way of escape, and, under the circumstances, it was natural and probable that he would instinctively retreat in the direction of the obstruction placed on the sidewalk, and having his eye fixed upon the danger from which he was fleeing, fell over the obstruction—if such was the natural and probable course of events, the negligent throwing of the trunk was the proximate cause of the injury.

*Damages—Duty of person injured to employ physician.*

A person injured by the negligent conduct of another is not unqualifiedly bound to engage medical aid and attendance for such length of time as his injuries make necessary. Whether neglect to do all in this regard that a man of ordinary prudence would under like circumstances have done can be taken into consideration, and no compensation allowed for any damages that might have been averted by engaging medical aid more promptly than the plaintiff did, not decided.

*Excessive damages—Practice (Supreme Court).*

The only remedy for an excessive verdict is a motion for a new trial, and the refusal of such trial is not assignable as error.

Argued Jan. 4, 1892.    Appeal, No. 198, Jan. T., 1891, by defendant, from judgment of C. P. No. 2, Phila. Co., Sept. T., 1889, No. 38, on verdict for plaintiff, Wm. A. Vallo.    Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS, McCOLLUM, MITCHELL and HEYDRICK, JJ.

Trespass for personal injuries.

At the trial before PENNYPACKER, J., it appeared that plaintiff, who was blind in one eye, was walking on the evening of July 1, 1889, on Chestnut street in the city of Philadelphia.    A small, dark green safe belonging to the defendant had been lying on the defendant's sidewalk for from two to five minutes before the plaintiff came along.    As the plaintiff came opposite to defendant's premises, a trunk was suddenly thrown from one of defendant's delivery wagons standing in the street.    To avoid the flying trunk, plaintiff stepped back and fell over the safe, and was injured.    Other facts appear by the Supreme Court.

When the plaintiff was on the stand he was asked this question :

" Were you or were you not confined to the house or bed in consequence of this injury?"    Objected to.    Objection overruled and exception. [5]

The court submitted to the jury the question of the negligence of the defendant and the contributory negligence of the plaintiff.

Defendant's points which were refused were as follows :

1. " Under all the evidence in this case the verdict must be for the defendant." [1]

2. " The plaintiff having defective eyesight was bound to use more than ordinary care to avoid accidents, and the fact that he did not see a box that could plainly be seen by persons of ordinary eyesight, is evidence of such a want of care on his part as to prevent his recovery against the defendant." [2]

4. " The occupiers of places of business on a public street have a lawful right to use the sidewalk in a reasonable manner and for a reasonable time for the purposes of their business. The placing of boxes on the sidewalk for a period of five minutes or less in the course of transit between the wagon and the place of business of the occupant of a store on a public street is a reasonable exercise of a lawful right." [3]

6. " The plaintiff was bound to engage medical aid and attention for such a length of time as his injuries made necessary, and cannot recover damages for injuries which he might have avoided by the·use of reasonable diligence in effecting a cure." [4]

Verdict and judgment for plaintiff for $780.   The court subsequently refused a new trial.

*Errors assigned* were (1–4) refusal of points, quoting them; (5) ruling on evidence; (6) excessive damages; (7) refusal of new trial.

*John F. Keator, Charles L. Smyth* with him, for appellant.— The negligence complained of was not the proximate cause of the injury: West Mahanoy Twp. v. Watson, 116 Pa. 344; Ry. v. Trich, 117 Pa. 390.   The injury was the result of plaintiff's own negligence: Barnes v. Sowden, 119 Pa. 56; Crescent Twp. v. Anderson, 114 Pa. 643; Ry. v. Taylor, 104 Pa. 306.   Plaintiff's point as to defective eyesight should have been affirmed: R. R. v. Cadow, 120 Pa. 559; Patterson, Ry. Ac. Law, 78; 4 Am. & Eng. Cy. of Law, 80, title Cont. Neg., pl. 35; Thompson, Neg. 430; Purl v. R. R., 72 Mo. 168; Zimmerman v. R. R., 2 Am. & Eng. Ry. Cas. 191.   The use of the sidewalk was reasonable : Palmer v. Silverthorn, 32 Pa. 65; Welsh v. Wilson, 101 N. Y. 254; Wood, Nuisances, § 259; Leaming v. Wise, 73 Pa. 173.   The point as to a physician was drawn under the authority of Chamberlin v. Morgan, 68 Pa. 168; Owens v. R. R., 1 L. R. Annotated, 75.

*John F. Lewis*, with him *Francis C. Adler*, for appellee.— The negligence complained of was, that the careless handling of the safe, which was being lifted in or taken out of the wagon, occasioned plaintiff to make an effort to avoid being struck, and thus to fall over the safe negligently left on the sidewalk. The obstruction here was left on the pavement in the night. Plaintiff's cases refer to known dangers.   Being on the highway with impaired vision is not negligence per se: Sleeper v. Sandown, 52 N. H. 244; Davenport v. Ruckman, 37 N. Y. 573; Sh. & Red. Neg. § 88.   It should at least be submitted to the jury: R. R. v. Werner, 89 Pa. 61; Sleeper v. Sandown, 52 N. H. 244.

OPINION BY MR. JUSTICE HEYDRICK, February 15, 1892.

The right of occupants of places of business upon a public street to use the sidewalk in front of their premises in receiving and sending out merchandise is not questioned. But the law imposes upon such persons, as it does upon all others using the sidewalk for any other lawful purpose, the duty to exercise their right, with a due regard to the safety of pedestrians, or, as was in substance said by the learned trial judge, in a reasonable manner : Com. v. Passmore, 1 S. & R. 219; Welsh v. Wilson, 101 N. Y. 254. What is a reasonable manner must always depend upon the circumstances. It might, and doubtless would be, unsafe to leave such an obstruction as was described in this case unguarded, for a single moment, upon a sidewalk near a railway station, thronged by people rushing to and from trains, while no inconvenience might be apprehended from leaving the same obstruction several hours upon a less frequented street. Hence, it is impossible to lay down any precise rule as to the length of time a person may allow his property to remain upon a highway without incurring the charge of negligence.

But the negligence of the defendant, if any existed, consisted not alone in leaving a trunk, or small iron safe, upon the sidewalk five minutes, more or less. If the plaintiff be believed, he was passing along one of the principal thoroughfares of the city of Philadelphia in the evening of July 6, 1889, between the centre of the sidewalk and the curb, and when he came opposite the defendant's premises its servants suddenly pitched a trunk out of its delivery wagon towards him. To avoid being struck by the flying trunk, he moved towards the centre of the sidewalk, "keeping his eye upon the trunk while it was coming," and, in so doing, fell over another trunk, and thereby sustained the injuries for which he seeks compensation.

Whether the trunk was suddenly, and without warning, thrown out of the delivery wagon at such time, and in such manner, as to imperil the plaintiff, was a controverted question of fact which could be determined only by the jury. If it was so thrown, the defendants were clearly guilty of negligence, for no man may innocently hurl a projectile across a highway upon which people are constantly passing.

It is, however, contended that, inasmuch as the plaintiff es-

caped injury from the trunk thus recklessly thrown from the wagon, the negligence of the defendant is, at most, only the remote cause of the injury. This contention raises the question whether the plaintiff was so suddenly put in peril as to leave no time for consideration of the way of escape, and whether, under the circumstances, it was natural, and probable, that he would instinctively retreat in the direction of the obstruction placed by the defendant upon the sidewalk, and, having his eye fixed upon the danger from which he was fleeing, fall over that obstruction. If such was the natural and probable course of events, the negligent throwing of the trunk was the proximate cause of the injury : Railroad Co. v. Taylor, 104 Pa. 306. But whether that natural and continuous sequence of events, which is necessary to fix responsibility for an injury upon the author of a negligent act, has been proved, is ordinarily a question for a jury : Railroad Co. v. Kellogg, 94 U. S. 469 ; Ehrgott v. Mayor of New York, 96 N. Y. 264 ; and there is nothing in this case to make it an exception to the general rule.

Assuming, as we must, that the jury found that, by reason of the sequence of events already mentioned, the negligent throwing of the trunk was the proximate cause of the plaintiff's injury, the question of contributory negligence is necessarily eliminated. That finding involves not only the negligence of the defendant, but a consequent peril, so suddenly precipitated upon the plaintiff as to leave no time for voluntary action. Under such circumstances, it is believed no person has ever been held guilty of contributory negligence, because he did not choose the best way of escape from the impending danger. On the contrary, the principle to be extracted from numerous cases in this and other states is, that when a person has been put in sudden peril by the negligent act of another, and, in an instinctive effort to escape from that peril, falls upon another, it is immaterial whether under different circumstances he might and ought to have seen and avoided the latter danger. This being the settled law, it is difficult to understand why greater circumspection in the presence of a danger that could not be anticipated should be required of a man having but one eye than from the less unfortunate.

By its sixth point the defendant requested the court below

to charge the jury that the plaintiff was unqualifiedly bound to engage medical aid and attention for such length of time as his injuries made necessary. To have so charged would have been manifest error. It would have required the plaintiff to have exercised greater care in mitigating the consequences of an injury, already inflicted, than the law requires in the first instance to avoid the injury. The utmost the defendant could, with propriety, have asked was, that if a man of ordinary prudence would, under the like circumstances, have engaged medical aid and attention more promptly than the plaintiff did, his delay in that regard should be taken into consideration, and no compensation allowed for any damages that might have been so averted. But, as no such instruction was asked, we are not called upon to express an opinion as to whether it ought to have been given.

The fifth assignment of error was not pressed. As to the sixth and seventh assignments, it is enough to say that the only remedy for an excessive verdict is a motion for a new trial, and that the refusal of such trial is not assignable as error.

The judgment is affirmed.

PAXSON, C. J., dissenting.

I am of opinion, that the plaintiff was negligent, and that the defendant was not. The case was this: The defendant's employees were unloading an express wagon in front of its office on Chestnut street. The plaintiff alleges that one of the men was about to throw a trunk upon the pavement, but there is no allegation that he was struck, or in danger of being struck by it. While watching this operation he stumbled over a small express safe lying on the pavement. This occurred in the full blaze of an electric light. This accident was, in my opinion, plainly the result of his own negligence, and fully justified the remark of a person who was passing at the time: "that man would fall over a house." For the reasons thus briefly stated, I dissent from this judgment.