# Stahle, Appellant, v. Poth.

*Practice, C. P.—Parties—Partnership—Affidavit as to partnership—Rule of court—Trespass.*

A writ in trespass was issued against A. and B., trading as A. & Son. In the caption of the statement of claim and an amended statement of claim, the names of the defendants corresponded with those in the writ. In the body of the statements the averments were against "the defendants." A general appearance was entered for the defendants, and their attorney filed a plea of not guilty, naming the defendants in the caption as they were in the writ and in the statements. Four trials followed, all of which were ineffectual. Thereafter the court granted a rule on defendant B., to show cause why plaintiff should not be permitted to proceed against him as the surviving partner of A. & Son, the death of A. having been suggested. On this rule the court made the following order: "Rule absolute by agreement. See order filed." Subsequently on the same day the court filed an order that "the death of A. having been suggested, the plaintiff is permitted by the court to enter a nolle prosequi, and discontinue the above suit as to the said A., and to proceed as against the said B." A nolle prosequi was entered as to A. No affidavit was filed denying the existence of the partnership, as is required by the usual rule of court. At the final trial the court required the plaintiff to prove the partnership. *Held*, (1) that the formal order making B., as an individual, the defendant, was a mistake apparent upon the face of the record, and unauthorized by any agreement of the parties; (2) that the order making the rule absolute, made B. defendant as surviving partner; and (3) that it was error to require the plaintiff to prove the partnership.

*Negligence—Infant—Obstruction of sidewalk.*

In an action against the owner of a brewery to recover damages for personal injuries to a child nine years old, the case is for the jury where the evidence tends to show that the child was injured by falling over a projecting lever attached to a malt box standing on defendants' sidewalk; that for some time prior to the accident malt boxes had been piled up on the sidewalk, leaving a passageway of only about eighteen inches between the pile and the curb; that the opposite pavement was blocked by iron girders and the middle of the street by beer wagons and railroad cars; that the plaintiff and other boys were going along the street while a train was approaching, and while attempting to get through the narrow passage plaintiff tripped on a projecting lever, fell into the gutter, and had his arm crushed by a passing car.

In such a case the defendants had the right to use temporarily the sidewalk in front of their place of business for the purpose of sending out and receiving any articles or commodities from their business house,

provided, it was done with the care required by all the circumstances; but they had no right to obstruct the pavement for any greater length of time'than was reasonably necessary for the purpose, and if they did so it was negligence. In using the sidewalk, they were required to exercise their right with a due regard to the safety of pedestrians, taking into consideration the physical condition existing at that place at the time.

Argued Jan. 21, 1908.    Appeal, No. 329, Jan. T., 1907, by plaintiff, from judgment of C. P. No. 4, Phila. Co., Sept. T., 1901, No. 386, on verdict for defendants in case of Frederick Stahle, in his own right and as father and next friend of William Stahle, his minor son, v. Frederick J. Poth.    Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ.    Reversed.

Trespass to recover damages for personal injuries.    Before WILLSON, P. J.

The court gave binding instructions for defendant.

Verdict and judgment for defendants.    Plaintiff appealed.

*Error assigned* was in giving binding instructions for defendants.

*Thomas Leaming*, with him *John M. Vanderslice*, for appellant.—Under the rule of court the defendant was precluded from disputing the existence of the partnership after having pleaded and defended four trials covering five years: O'Brien v. Levin, 11 Pa. Dist. Rep. 729; Gyger v. R. R. Co., 41 Leg. Int. 4; Kraft v. Pennsylvania R. R. Co., 8 W. N. C. 13; Brennan's Est., 65 Pa. 16; Schrimpton v. Bertolet, 155 Pa. 638; Magill's App., 59 Pa. 430; Reiter v. Fruh, 150 Pa. 623; Bank v. Henning, 171 Pa. 399; Stamey v. Barkley, 211 Pa. 313; Steinbeisser v. Corbion, 9 W. N. C. 528.

There was ample evidence, necessarily for the jury, of negligence in unlawfully obstructing the public highway in a manner which was the proximate cause of the plaintiff's injury—he being too young to be charged with contributory negligence: Kreiner v. Straubmuller, 30 Pa. Superior Ct. 609; Harrison v. Collins, 86 Pa. 153; Brown v. White, 202 Pa. 297; Vallo v. U. S. Express Co., 147 Pa. 404; Rachmel v. Clark, 205 Pa. 314.

*A. S. L. Shields*, for appellees.—There was no adequate evidence that defendant was the owner or occupant of the premises, or had any right of ownership therein, and therefore there can be no liability attach to the defendant for permissive negligence.

This construction having been placed on the rule of court by the lower court will not be interfered with in this court, in the absence of manifest error, every court being held the best judge of its own rules: McLane v. Hoffman, 164 Pa. 491; Higgins Carpet Co. v. Latimer, 165 Pa. 617; Brennan v. Ins. Co., 148 Pa. 199.

There was no proof that the obstruction in question was placed on the sidewalk by defendant, or his agents, as alleged in both the original and amended statements of claim, this variance of the allegata and probata being alone fatal to plaintiff's claim: Clark v. Lindsay, 7 Pa. Superior Ct. 43; Fritz v. Hathaway, 135 Pa. 274; Noonan v. Pardee, 200 Pa. 474; Lane v. Sayre Land Co., 211 Pa. 290.

OPINION BY MR. JUSTICE MESTREZAT, March 2, 1908:

This is an action of trespass to recover for injuries to a child caused by the alleged negligence of the defendants.

The writ was issued on September 10, 1901, and the defendants named therein are " Frederick A. Poth and Frederick J. Poth, trading as F. A. Poth & Son." A statement and an amended statement were filed and in the caption the names of the defendants correspond with those in the writ. In the body of the statement and amended statement the averments are against " the defendants." A general appearance was entered of record for the defendants, and their attorney filed a plea of not guilty, naming the defendants in the caption as they are in the writ and in the statements. Prior to October 10, 1905, there had been four trials of the cause in the common pleas, but the verdict was set aside or a juror was withdrawn and, hence, the trials did not result in a final determination of the cause. On that date the plaintiff took a rule on the defendants as follows: " The court grants a rule on the defendant, Frederick J. Poth, to show cause why plaintiff should not be permitted to proceed against him as the surviving partner of the late co-partnership of Frederick A. Poth and Frederick J.

Poth, trading as F. A. Poth & Son, the death of Frederick A. Poth having been suggested." On this rule the court made the following order: "October 23, 1905. Rule absolute by agreement. See order filed." Subsequently on the same day the court filed an order that "the death of Frederick A. Poth having been suggested, the plaintiff is permitted by the court to enter a nolle prosequi and discontinue the above suit as to the said Frederick A. Poth and to proceed as against the said Frederick J. Poth." A nolle prosequi was entered as to Frederick A. Poth.

The court of common pleas No. 4 of Philadelphia county, in which this action was brought and tried, has a rule of court which provides as follows: "In actions by or against persons charged as partners, it shall not be necessary for the plaintiff, on the trial, to prove the partnership, but the same shall be taken to be admitted as alleged on the record, unless one or more of the defendants, or some person for him or them, by affidavit filed at or before the time of filing his or their plea, shall have denied the existence of the partnership in relation to the subject-matter of the action, and stating, to the best of his or their knowledge and belief, whether there is any such partnership and who are the parties to it." There was no affidavit filed in this case denying the existence of the partnership.

The case was again called for trial on October 1, 1906, and the jury was sworn as to Frederick J. Poth without naming him as a surviving partner. On the trial the court held that the plaintiff was required to prove the partnership as alleged in the pleadings, and that the plaintiff had not met this requirement. The learned trial judge also held that the plaintiff had failed to show negligence on the part of the defendant, even if the case were being tried against him as the surviving partner. Entertaining these views, the court instructed the jury to render a verdict for the defendant, and these instructions are the subject of complaint in the first and only assignment of error.

The court below should not have required the plaintiff to prove the partnership. That was conclusively established by the pleadings in the case. The writ was issued against the partnership and the statement, though slovenly and inartifi-

cially drawn, declared that the acts of negligence were committed by the partnership. Counsel appeared for the defendants as partners and the written plea filed by him was for the partnership, naming Frederick J. Poth as one of the partners. The case was tried four times against the partnership on the plea of the general issue, without any denial by the defendants that they were partners. For five years the record disclosed the fact that the plaintiff's claim was against the partnership and that his action had been brought to enforce that claim against the partnership, with no denial on record or suggestion on the former trials that Frederick J. Poth was not a member of the firm against whom the claim was made and the action was brought. The court's own rule plainly forbade the surviving partner setting up a denial of the partnership on the trial of the cause. This rule prevails generally in the courts of common pleas throughout the commonwealth. Its purpose is a proper and necessary one to facilitate the trial of causes and to require the defendants, if they deny the partnership, to state the fact on record when the issue is made by the pleadings. If one of the defendants who is sued is not a member of the partnership he knows it as well when he is summoned to appear to answer the cause of action set up in the statement as he does thereafter on the trial of the cause. If he intends to raise the question on the trial he should file his affidavit with his plea and thereby give the plaintiff an opportunity to establish the disputed fact. As there had been no affidavit filed by either of the alleged partners, it was manifest error and did great injustice to the plaintiff in permitting the defendant on the trial of the cause to raise the issue of the existence of the partnership and require the plaintiff to prove it.

It is probable that the ruling of the learned trial judge that the plaintiff must prove the partnership, was made in view of the fact that the formal order, as filed, made Frederick J. Poth, as an individual, the defendant in the case. The carelessness exhibited in the preparation of the statement finds its counterpart in the proceedings to amend the record. Presumably, it was the mistake in the formal order entered of record that moved the court to require the plaintiff to prove the partnership. If the order had provided, as it should have

done, that the plaintiff should proceed against Frederick J. Poth, surviving partner of F. A. Poth & Son, the court would unquestionably, in obedience to its rule, have declined to require the plaintiff to prove the partnership. The omission to name in the order entered of record the fact that the case should proceed against the surviving partner had a tendency to mislead the trial judge who had not made the order substituting the surviving partner as the defendant in the cause.

We do not think that as the record stood at the time of the trial there was sufficient reason for the court refusing to enforce its rule and compelling the plaintiff to prove the partnership. The rule granted by the court on Frederick J. Poth was to require him to show cause why the case should not proceed " against him as the surviving partner of the late copartnership of Frederick A. Poth and Frederick J. Poth, trading as F. A. Poth & Son, the death of Frederick A. Poth having been suggested." That rule was made absolute by agreement, the effect of which was to make Frederick J. Poth, surviving partner of the firm, the defendant. The subsequent order filed, omitting to state the fact that the trial was to proceed against the surviving partner, could not have the effect of eliminating Poth as a surviving partner from the case as a defendant. The formal order entered of record was a mistake, apparent upon its face. It was the duty of the court to enter an order conforming to its action in making the rule absolute. The rule was taken to substitute Poth, as the surviving partner, and not as an individual, as the defendant in the case. In making that rule absolute it necessarily followed that Poth, as surviving partner, became the defendant in the suit, and the order entered of record should have conformed to that fact. The rule was made absolute by agreement of the parties, but the record does not show that the formal order entered of record was done by the agreement of parties. Without the consent of the parties the court was without authority to make the formal order which it entered of record. The action having been brought against the partnership it necessarily proceeded against the surviving partner when the other partner died. The claim, as shown by the pleadings, was against the partnership, and not against the individuals composing it, although if they were individually served it could

be enforced against them if the partnership failed to pay a judgment recovered in the case. To substitute Frederick J. Poth as defendant in the action, after the death of his father, would have been to substitute another and different defendant from the one against whom the action was brought. Both parties had the right to object to this substitution, and as the record does not disclose that either of them consented to it, the court was without authority to make it. We must, therefore, regard the case, at the time of the last trial, as pending between the plaintiff and Frederick J. Poth, surviving partner of the late copartnership of F. A. Poth & Son. Hence, in view of the rule of court above referred to, it was error to require the plaintiff on the trial to prove the partnership.

The statement avers that the defendants, at the time of the accident, were the owners or occupants of a large building used in connection with their brewery fronting on Jefferson street; that on said street is a railroad used by the defendants and others so near the sidewalk that freight cars while running upon it extended over the curb upon the sidewalk; that the defendants had obstructed the sidewalk upon the south side of Jefferson street with machinery and other objects, so that only a narrow passage was left between the end of said objects upon the sidewalk and the curb, and that the plaintiff child, nine years of age, was lawfully passing along the sidewalk and tripped or stumbled over or ran against the obstruction which defendants unlawfully placed and permitted to remain upon the sidewalk and was injured thereby.

The testimony in the case tended to sustain the allegations of the statement. The defendants owned a brewery on the south side of Jefferson street. There were double tracks on the street, and the south one was so close to the curb that the cars projected over the sidewalk several inches. The sidewalk in front of defendants' premises had been obstructed for some time prior to the accident by a pile of iron malt boxes, which left a narrow space between them and the curb. Movable levers were attached to the malt boxes, and these further narrowed the passageway on the pavement, leaving a passageway of only about eighteen inches between them and the curb. At the time of the accident the pavement on the north side of Jefferson street at that point was blocked by iron girders, and

the middle of the street was occupied by beer wagons and railroad cars.

On the day of the accident the plaintiff with two or three other small boys were going west, towards the park, on Jefferson street, to get cherries at Woodside. When they arrived at the corner of Thirty-first and Jefferson streets they found the pavement on the north side of the latter street obstructed, and they crossed to the south side as a train was approaching on the south track. The flagman told them to hurry up, and they attempted to pass over the pavement in front of the defendants' premises. The other boys succeeded in passing safely, but the plaintiff ran against one of the projecting levers, was tripped, and falling into the gutter his arm was thrown under a car wheel and injured so badly that it had to be amputated at the shoulder.

As the case goes back for another trial, we will not refer to or discuss the testimony. We think there was sufficient evidence submitted on the trial to send the case to the jury on the question of the negligence of the defendants. The defendants had the right to use temporarily the sidewalk in front of their place of business for the purpose of sending out and receiving any articles or commodities from their business house, provided, it was done with the care required by all the circumstances. But they had no right to obstruct the pavement for any greater length of time than was reasonably necessary for the purpose, and if they did so it was negligence. In using the sidewalk, they were required to exercise their right with a due regard to the safety of pedestrians, taking into consideration the physical conditions existing at that place at the time : Vallo v. United States Express Co., 147 Pa. 404 ; Brown v. White, 202 Pa. 297. The evidence tended to show that the only passageway along that street either on the sidewalks or in the cartway was the narrow passageway left between the movable levers projecting from the defendants' iron malt boxes on the south sidewalk and the curb, and that a car was passing in front of this sidewalk and so near it that the steps projected over the walk. It would readily appear that such a place was a place of danger, and the greater the danger the greater the degree of care required on the part of the defendants in the use of the sidewalk in connection with

their business. Whether they exercised the care required of them on this occasion, we think was for the jury under the evidence in the case.

The assignment of error is sustained, and the judgment is reversed with a new venire.