## Gensler, Appellant, v. Kemble.

*Negligence—Landlord and tenant—Open gate—Passerby—Nuisance—Interference with public travel—Nonsuit.*

1. In a suit against the owner of a property to recover damages for injuries sustained by the plaintiff in running against a gate, opening outward on the sidewalk, which had been left open by a son of the tenant in possession of the premises, a nonsuit is properly entered.

2. A gate which is simply used ordinarily for a person to get in and out of his yard to get on the sidewalk, although it opens outward, is not a nuisance per se and is not negligence per se, but may become a nuisance by its negligent use and interference with public travel.

Argued Feb. 16, 1910. Appeal, No. 4, Jan. T., 1910, by plaintiff, from judgment of nonsuit of C. P. Lebanon Co., March T., 1909, No. 6, in case of Andrew C. Gensler v. George E. Kemble. Before FELL, C. J., MESTREZAT, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Trespass to recover damages for personal injuries.

The facts appear in the following opinion by EHRGOOD, P. J.:

This suit was brought to recover damages for injuries alleged to have been sustained by the plaintiff in running against an open gate at the property of the defendant. The property at the time of the alleged injury was in the occupancy and possession of a tenant whose son left the gate stand open in running to a fire, and the plaintiff also in his haste to get to the fire ran against the gate, it leading to the yard and opening outward on the sidewalk, and the plaintiff contends that the owner of the property, the defendant, should be held liable in damages for having a gate on his premises' which opens outward on the sidewalk.

A gate which is simply used ordinarily for a person to get in and out of his yard to get on the sidewalk, although it opens outward, is not a nuisance per se and is not negligence per se, but may become a nuisance by its negligent use and interference with public travel. If there was a negligent use of

the gate, it was not by the defendant, but by his tenant, and the landlord is not liable for the negligence of his tenant. Moreover, the plaintiff should also have seen that the gate was open as well as those behind him. The nonsuit, under the testimony, was properly entered.

And now, July 8, 1909, the motion to take off the nonsuit is refused.

*Error assigned* was refusal to take off nonsuit.

*Robert L. Adams*, with him *Paul G. Adams* and *J. G. Adams*, for appellant.

No paper-book or appearance for appellee.

PER CURIAM, March 21, 1910:

The judgment is affirmed for the reasons stated in the opinion of Judge EHRGOOD.

------

# Jones, Appellant, *v.* Marion Coal Company.

*Appeals—Entry of judgment—Judgment non obstante veredicto— Payment of jury fee.—Time for appeal in formal judgment—Act of March 29, 1805, 4 Sm. L. 242, sec. 12—Quashing appeal.*

1. A judgment entered upon the record as follows: "And now, January 2nd, 1909, the rule for a new trial is discharged. The rule for judgment non obstante veredicto is made absolute, and judgment is now entered for defendant. Same day exception is granted as to the plaintiff" must be appealed from within six months from the date therein given, and an appeal taken July 19, 1909, will be quashed, although it appears from the record that upon January 20, 1909, some one paid a jury fee, and filed the receipt and thereupon judgment for defendant was again noted.

2. The Act of March 29, 1805, 4 Sm. L. 242, sec. 12, providing for the payment of a jury fee, and the entry of judgment upon a verdict, has no reference to a judgment entered directly by the court.

Argued Feb. 21, 1910. Appeal, No. 269, Jan. T., 1909, by plaintiff, from judgment of C. P. Lackawanna Co., Sept. T.,