# Wright, Appellant, v. Mitchell.

*Negligence—Automobiles — Bicycles — Collision — Rule of the road—Instructions to jury—Inadequate and misleading instructions.*

1. While it is generally the duty of the driver of one vehicle, overtaking another vehicle, to pass to the left of the one in front, yet the circumstances of the particular case may be such as to justify him in passing to the right of the one which precedes him.

2. In the absence of a statute or municipal regulation to the contrary, one vehicle overtaking and passing another may pass on either side, using proper caution, and keeping a safe distance be-

hind when not passing. If the leading team uses the left side of the highway, leaving insufficient space for the rear team to pass, the latter may pass to the right.

3. In an action to recover damages for personal injuries, resulting from a collision of defendant's automobile with plaintiff's bicycle, where the evidence was conflicting as to the position of the two vehicles at the moment of the accident and the circumstances under which it occurred, instructions to the jury to the effect that if they were convinced that when the accident happened plaintiff was endeavoring to pass to the right of the automobile, the defendant was not responsible for his fall, and that it was the duty of plaintiff, if he intended to pass defendant, to pass on the left side of the automobile instead of trying to cut into the right, were inadequate, in failing to point out that, under the circumstances, as to which the evidence was in dispute, plaintiff might have been exercising due care, and judgment on a verdict for defendant was reversed.

Submitted Jan. 5, 1916. Appeal, No. 228, Jan. T., 1916, by plaintiff, from judgment of C. P. No. 5, Philadelphia Co., June T., 1912, No. 3717, on verdict for defendant, in case of Joseph B. Wright v. William C. Mitchell. Before MESTREZAT, POTTER, STEWART, FRAZER and WALLING, JJ. Reversed.

Trespass to recover damages for personal injuries. Before MARTIN, P. J.

The opinion of the Supreme Court states the facts.

Verdict for defendant and judgment thereon. Plaintiff appealed.

*Errors assigned* were instructions to the jury.

*Wm. B. S. Ferguson,* submitted for appellant.

No paper book or appearance for appellee.

OPINION BY MR. JUSTICE MESTREZAT, February 14, 1916:

This is an action of trespass to recover damages for

injuries resulting from negligence in operating an automobile. The case was submitted to the jury, a verdict was rendered for the defendant, and judgment having been entered on the verdict the plaintiff has taken this appeal. The assignments of error are to the charge of the court.

The story of the plaintiff, as told by him on the witness stand, is that shortly after six o'clock on the evening of April 15, 1912, he was riding a bicycle west on the north side of Diamond street, Philadelphia. When he approached Seventeenth street, he saw an automobile facing east and standing in front of the house at the southwest corner of the two streets. He proceeded to cross Seventeenth street and when he had almost reached the curb on the west side of the street he heard some person call "lookout the road," and just as he turned his head to see who was calling him the rear wheel of the bicycle was struck by the defendant's automobile and he was thrown to the pavement and injured. He denies that the front wheel of his bicycle struck the curb on the north side of Diamond street, and says that the automobile struck his wheel before he had reached the curb. He heard no signal that the automobile was approaching him. Mr. Bauer, a witness for the plaintiff, saw the accident. He testified that he was riding a three-wheel motorcycle east on the south side of Diamond street, and when about half way down the block saw an automobile standing at the southwest corner of Seventeenth and Diamond streets. He continued traveling slowly, looking to the northeast to see if any street car was coming down Seventeenth street, and saw the plaintiff coming slowly along the north side of Diamond street on a bicycle, close to the curb. When the witness was within about forty feet of the west curb line of Seventeenth street he saw the automobile start as if to make a quick turn. The rear wheel of the plaintiff's bicycle was then just about crossing the west rail of the street car track on Seventeenth street. The right front wheel of the

automobile struck the rim of the rear wheel of the bicycle, knocked the plaintiff off the bicycle, his head struck an electric light pole and he lay unconscious on the pavement. He also testified that he did not hear the automobile give any signal of its approach to the bicycle. He says that so far as he could see, the defendant's machine in making the turn did not go over the west rail of the street car track.

The defendant testified that he stopped his machine in front of his residence at the corner of Seventeenth and Diamond streets and his wife and daughter got out of the machine which was then pointing to the east. He started to turn his machine to go west on Diamond street, and in doing so he crossed the street car track on Seventeenth street. He then saw the plaintiff one hundred feet distant on the north side of Diamond street close to the curb. He pulled in front of the plaintiff who shot between him and the curb, struck the curb on the northwest corner of Seventeenth and Diamond streets and fell under the bicycle. He further testified that as soon as the plaintiff's bicycle struck the curb, then four feet in front of the defendant, he had his foot on the brake and swerved his automobile to the right. He says that his machine did not touch the plaintiff but after the latter fell the right front axle of his machine struck the bicycle. Defendant also says that he blew his horn before starting to make the turn in the street. The defendant's other witnesses testified that the plaintiff came up from behind the defendant and endeavored to pass the defendant on the right or curb side, and that the bicycle ran into the curb. Mr. Smith, one of defendant's witnesses, testified, inter alia, that the first thing which attracted his attention was when the left front wheel of the automobile was between the two rails of the Seventeenth street car track and the machine was going east making the turn. The rear wheel had not crossed the west rail of the track as yet and the defendant was in the center of his turn. The defendant immediately finished mak-

ing the turn and then his machine probably headed north-northwest. The front wheel of the bicycle hit the curb where it is rounded.

The learned trial judge charged the jury that if they were convinced that Wright, the plaintiff, passed to the right of the automobile, struck the curb and fell off, the defendant was not responsible for his fall, and the verdict should be for the defendant. This is the subject of the first assignment of error. He also instructed the jury as follows: "Vehicles approaching each other in opposite directions, pass to the right, but when going in the same direction, it is the duty of the one in the rear, overtaking the one in front, to pass to the left of the one in front. If Dr. Mitchell was facing west and the bicycle was behind the automobile, it was the duty of the plain-tiff, if he intended to pass Dr. Mitchell, to pass on the left side of the automobile instead of trying to cut in to the right." This instruction constitutes the third assignment of error.

We think, under the testimony in the case, that these instructions were at least inadequate, if not erroneous, and may have misled the jury. Conceding it to be the duty generally of the driver of one vehicle, overtaking another vehicle, to pass to the left of the one in front, yet the circumstances of the particular case may be such as to justify him in passing to the right of the one which precedes him. Unless there is a statute or municipal regulation to the contrary, one overtaking and passing another may pass on either side, using proper caution, and keeping a safe distance behind when not passing. The leading team may travel anywhere it pleases, using, however, due care: 37 Cyc. 272. It necessarily follows that if the leading team should use the left side of the highway, leaving insufficient space for the rear team to pass, the latter may pass to the right. If for any other reason, such as the obstruction of the highway on the left of the leading team by other teams proceeding in the opposite direction, so as to prevent a passage to the left

of the team in front, the rear team may, if there is sufficient space and it can be done by the exercise of proper care, pass to the right of the team in front. The general rule, therefore, that teams traveling in the same direction on a highway should pass each other to the left has its exceptions, and must be applied with reference to the circumstances of the particular case. In the present case, we think that the learned trial judge should in connection with the statement of the general rule have directed the attention of the jury more particularly to the testimony. The plaintiff contended, and introduced testimony to show, that at the time of the accident the defendant's automobile was not facing west but north or northwest, and, therefore, the general rule, as stated by the court, was not applicable to the facts of this case. It is true, that the court's instruction applies only in case Dr. Mitchell's machine was facing west and the bicycle was behind the machine, but this was inadequate without more fully directing the attention of the jury to the positive testimony of the plaintiff himself and another witness who saw the accident that the automobile was not facing west when the bicycle was struck. This instruction was given the jury after it had retired and returned for further instructions from the court. It was on the vital point in the case and would necessarily have great weight with the jury, and in the absence of any reference to the contention and the testimony of the plaintiff that he denied that the defendant's machine was facing west at the time of the accident, the jury might well have inferred that the general rule as stated by the court was applicable to the facts disclosed by the testimony in the case.

The plaintiff contends, as alleged in the first assignment, that the court erred in charging the jury that if Wright passed to the right of the automobile, struck the curb and fell off his bicycle, the defendant is not responsible for his fall, and the verdict should be for the defendant. This would depend upon whether the defend-

ant was exercising proper care when he was turning his machine to drive west on Diamond street. If at the time of the accident, the plaintiff was exercising proper care in passing along the highway, and the defendant negligently managed his machine so as suddenly to imperil the safety of the plaintiff, the latter would not be guilty of negligence if, while exercising the caution of a prudent man, his bicycle struck the curb when he was attempting to escape the peril. In that case, the proximate cause of the accident would not be the act of the plaintiff in riding his bicycle against the curb, but the negligence of the defendant which endangered the plaintiff's safety. If the plaintiff would have been struck and injured by the defendant's machine had he not deflected from the straight course along the highway as a means of escaping from impending danger, he would not necessarily be guilty of negligence if, in attempting to escape the danger, he did not exercise the care or judgment required of him if it had been his voluntary action. All that was required of him to protect himself from the anticipated danger was to use the care of an ordinarily prudent man, under all the circumstances, and if he did so he could not be charged with negligence. When a person has been put in sudden peril by the negligent act of another and, in an instinctive effort to escape from that peril, falls upon another peril, it is immaterial whether under different circumstances he might and ought to have seen and avoided the latter danger: Vallo v. United States Express Co., 147 Pa. 404.

The view we take of the case does not require us to consider the other assignments of error. The first and third assignments are sustained, and the judgment is reversed with a venire facias de novo.