## Shearer v. Rasbridge et al.

B. Y. Shearer, Charles H. Tyson, and J. H. Jacobs, for plaintiff.

Stevens & Lee and Allan K. Grim, for defendants.

SCHAEFFER, P. J., February 21, 1936.—The plaintiff has brought suit in trespass against Emerson B. Rasbridge, Frank P. Werner and D. Kepner Lessig. All three defendants have been served. On October 14, 1935, the plaintiff filed of record a suggestion of the death of Werner and obtained a rule to show cause why the name of Werner should not be dropped as a party defendant without substitution. The surviving defendants oppose such order upon the ground that, as Werner was not included as a defendant by mistake, the plaintiff has no right to discontinue as to him alone, and upon the further ground that the discontinuance as to Werner would deprive them of a substantial right.

They properly contend that if the jury be sworn to try the case against a personal representative of Werner and themselves the plaintiff will be incompetent, by reason of Werner's death, to testify: Act of May 23, 1887, P. L. 158, sec. 5; Ray's Estate, 304 Pa. 421, 433; Roberts et al. v. Washington Trust Co., 313 Pa. 584. The Act of May 4, 1852, P. L. 574, sec. 2, 12 PS §533, authorizes the courts, in any stage of the proceedings, to permit amendments

by changing or adding the name or names of any party, plaintiff or defendant, whenever it shall appear to them that a mistake or omission has been made in the name or names of such party. This is supplemented by the Act of April 12, 1858, P. L. 243, sec. 1, 12 PS §534, which authorizes the courts, where by reason of there being too many persons included as plaintiffs or defendants by mistake so as to prevent the cause from being tried upon its merits, to permit an amendment by striking out from the suit such persons as plaintiffs or defendants. We have no allegation of any mistake in the original inclusion of Werner as a party defendant; in fact, it seems clear that there was none. It is his death and the effect of that upon the competency of the plaintiff as a witness in his own cause that prompts the present application. It is true that an amendment striking out the name of one of two living defendants has, in the absence of any allegation of a mistake, been denied: Locke et al. v. Daugherty et al., 43 Pa. 88. But even there the court merely said that, as the plaintiff had acquired full knowledge of all the facts at a preceding arbitration: ". . . we cannot say in this particular case that the court were wrong in refusing the motion". And neither of these statutes appear to have been passed with a view to the case of the death during the interval between the time suit was brought and the trial of one of the defendants named. Section 35 of the Fiduciaries Act of June 7, 1917, P. L. 447, as amended by the Act of March 30, 1921, P. L. 55, 20 PS §772, touching the substitution of executors and administrators for their decedents, does not embrace the question before us. The same is true of the joint suit Act of June 29, 1923, P. L. 981, which provides that where several defendants are sued jointly the plaintiff may obtain judgment against one or more even though not all are liable.

The application before us is in final analysis practically the same as that ruled upon in the Court of Common Pleas of Luzerne County in Harter v. Hicks et al., 3 Lanc. 326. There, in an action against a constable and a landlord

arising out of a distress for rent, the constable died after suit had been brought and the administrator of his estate was substituted. Upon the trial objection to the testimony of the plaintiff was made upon the ground that one of the parties to the record was an administrator. Thereupon the plaintiff obtained leave to discontinue as to the administrator and to proceed against the landlord alone. He was then permitted to testify. The opinion upon the application for a new trial was written by Rice, P. J. He points out that, "independently of the statutes of amendment, it was always allowable, in actions founded on torts against several defendants, to enter a *nolle prosequi* as to some of them, and proceed against the others at any time before final judgment, although they all join in the same plea and be found jointly guilty."

". . . the statutes of amendment are uniformly given a liberal construction.

'Whenever the rights of a party are liable to be defeated by having joined too few or too many plaintiffs or defendants, these amendments may be made. In such circumstances the fact of mistake is hardly debatable; it will be presumed if without them the merits may not be fully tried'. Rangler vs. Hammond, 1 Wr., 130. The object of the statute is to secure a trial on the merits, and where this is liable to be defeated either by a misjoinder or by the joinder of an unnecessary party as a defendant, the statute applies."

We find no cases in conflict with Judge Rice's decision. Dunlap Printing Co. v. Ryan et al., 275 Pa. 556, although an action in assumpsit, is of aid. There five individuals were sued upon one contract and before trial plaintiff entered a discontinuance as to one of them. When the case came on for trial the court below granted the defendants' motion for judgment, upon the ground that the discontinuance as to the one operated as a release and discharge of the four other defendants. But in reversing and sending it back for retrial, the Supreme Court said (at page 558) :

"It might well be that the name of the defendant as to whom the discontinuance was granted was brought into the action by mistake. Where a suit is brought against a number of defendants jointly there is nothing to prevent the plaintiff from discontinuing as to one, amending his pleadings and proceeding against the remaining parties jointly. By his writ and first pleading, he does not fix his status as to the defendants, beyond recall."

In Stahle v. Poth, 220 Pa. 335, an action of trespass for personal injuries, one of the two defendants having died, a nol pros was entered as to him and the case proceeded with against the other.

In United States v. Linn et al., 1 How. 104, 107, it is said:

"A plaintiff may in an action in form *ex delicto* against several defendants, enter a *nolle prosequi* as to one of them. But in actions in form *ex contractu*, unless the defense be merely in the personal discharge of one of the defendants, a *nolle prosequi* cannot be entered, as to one defendant, without discharging the other, for the cause of action is entire and indivisible. Chitty, 599. The rule laid down by Chitty is fully sustained by the English and American decisions."

And in actions ex contractu "The plaintiff may enter a nolle prosequi against the defendant who pleads matter in his personal discharge," and proceed to judgment against the other defendants. The effect of the judgment depends, in that event, upon the character of the defense: Wolff v. Wilson, 28 Pa. Superior Ct. 511, 517.

If we assume that the plaintiff's case be dependent solely upon his own testimony, as it may well be, it becomes apparent that the refusal of a discontinuance as to the deceased defendant would render impossible a trial upon its merits of his action against the surviving defendants. Such a result would properly be termed an injustice which the law should seek to avoid.

The defendants have no right to complain. For, as liability in tort is joint and several, plaintiff could have sued each separately.

"In trespass all the defendants are alike guilty, each is liable for the damages sustained without regard to the different degrees or shades of guilt": McCarthy v. De Armit, 99 Pa. 63, 72; MacHolme v. Cochenour, 109 Pa. Superior Ct. 563, 567.

And since the joint suit Act of 1923, supra, one defendant has no standing to question the entry of a nonsuit in favor of his codefendant even though the statement of claim aver a joint tort: Cleary v. Quaker City Cab Co. et al., 285 Pa. 241.

Although a release of one joint tortfeasor is a release of all: McShea v. McKenna et al., 95 Pa. Superior Ct. 338; neither a discontinuance nor a nol pros is a release. It is true that much of what we have quoted has been said of the entry of a nol pros and not of a discontinuance. But the legal effect of both is the same; the plaintiff could have waited until the case was called for trial and entered either without prior notice upon possible penalty of a continuance until another term. But he has here made his application before the parties have come to court for the trial and has thus afforded the remaining defendants full opportunity to prepare for trial without reliance upon the personal representatives of Dr. Werner.

And now, to wit, February 21, 1936, the rule is made absolute and an exception noted.