Broyles et ux. *v.* Speer et al., Appellants.

Argued November 20, 1946. Before BALDRIGE, P. J., RHODES, HIRT, RENO, DITHRICH, ROSS and ARNOLD. JJ.

*William J. MacCarter, Jr.,* with him *Fronefield Crawford,* for appellants.

*Edward F. Hitchcock,* for appellees.

OPINION BY RENO, J., March 4, 1947:

Plaintiffs, husband and wife, have judgments on verdicts for personal injuries to the wife which are chal-

lenged by defendants' appeal from the refusal of the court below to enter judgment n. o. v. in their favor.

Appellants conducted a restaurant on Market Street, Upper Darby, Delaware County. The photographic exhibits indicate that the location is a business district. On February 5, 1945, the sidewalk abutting the restaurant was covered with rough snow and ice, except for a cleared path near the building line. On the evening of that day, the wife-plaintiff was walking in the cleared path in order to avoid the snow and ice. As she reached the restaurant, the door at its entrance was, without notice to her, opened outwardly, suddenly and violently, and striking her, threw her to the ground, and injured her.

It was a storm-door, about thirty inches wide, hung on hinges attached to the restaurant at the building line, opened outwardly only, and when opened swung over the sidewalk to the full width of the door. The verdict establishes that there was no device upon the door retarding or slowing the progress of its outward swing, and this, plaintiffs alleged, constituted, under the circumstances, and the purposes for which and the place where it was used, a defective construction, and therefore negligence. There was, it should be stated, a decided conflict in the evidence as to whether appellants had installed a retarding device. The jury, aided by an ocular demonstration in the court room, resolved that question against the appellants, and in this review of the refusal to enter judgment n. o. v. we are bound by the verdict.

The governing principle, drawn from Restatement, Torts, §371, paraphrased in the more clarifying expression of Mr. Justice HORACE STERN in *Hudson v. Grace,* 348 Pa. 175, 180, 34 A. 2d 498, ". . . is that one who is in possession of land adjacent or in close proximity to a public highway must exercise reasonable care to avoid injury to the traveling public arising from unnecessarily dangerous conditions created by him on the land, where

the consequences of a failure to do so are reasonably foreseeable." The maintenance of a gate or door which opens outwardly over a sidewalk "is not a nuisance per se and is not negligence per se, but may become a nuisance by its negligent use and interference with public travel": *Gensler v. Kemble*, 227 Pa. 508, 76 A. 223. For it must be recognized that in its operation, the door becomes each time it is opened, an obstruction or impediment, at least momentarily, to the free transit of pedestrians who are on the sidewalk in the exercise of the superior easement which the public has in the sidewalk. *Vallo v. U. S. Express Co.*, 147 Pa. 404, 23 A. 594. A possessor of abutting property may use the sidewalk for the reasonable purposes of his business, but in doing so he is obliged to exercise reasonable care and precaution so as not to endanger pedestrians. *Rachmel v. Clark*, 205 Pa. 314, 54 A. 1027; *Fougeray v. Pflieger*, 314 Pa. 65, 170 A. 257. He may not, in the exercise of his right to use the sidewalk in a reasonable manner, create a trap or a menace to the traveling public. *Higginbotham v. Kearse*, 111 W. Va. 264, 161 S. E. 37, and the cases annotated in 77 A. L. R. 1116. See also Anno. Cas. 1916E 458; 12 B. R. C. 362.

Both parties rely upon *Kies v. Erie City*, which was twice before the Supreme Court. Plaintiff was injured by the sudden opening of the doors of a fire-house over the sidewalk as she was passing by. In the first case, 135 Pa. 144, 150, 19 A. 942, the action was based upon the negligence of the city's employes in opening the doors improperly, and although recovery was denied because the firemen were acting for the city in a governmental function, Mr. Chief Justice PAXSON said: "In such case, as they [doors] swept across a considerable portion of the pavement in opening, it can be readily seen that they might be a dangerous trap to injure persons passing along the said pavement". The second case, 169 Pa. 598, 601, 32 A. 621, was based upon, and recovery allowed for, the defective construction of the doors in that its steel

springs caused the doors to open too quickly. In that decision, Mr. Justice FELL said: "That this was a constant menace to passers-by seems to be too clear for discussion", and approved the charge of the court below: "If the operation of these doors with reasonable care would have provided against danger and accident to the passers-by the city is not liable. If the necessary and natural and probable operation of these doors was dangerous even though accompanied by the use of ordinary care on the part of the employees the city is liable for the result."[1]

In principle there is no difference between a door suddenly flung open by the propulsive force of springs activated by a human agency and one so constructed that it is capable of violent and sudden opening by human hands. The potential danger to the pedestrian is as great in one case as in the other. In either case the door may be "a dangerous trap" or "a constant menace". That there was no checking or retarding device upon the door only increased the danger, and another quotation from *Hudson v. Grace,* supra, p. 181, is pertinent: "The likelihood of such an occurrence was so obvious that it was negligence on the part of the Company to persist in the maintenance of a condition which constituted a more or less constant menace to human life." The question of appellants' negligence was for the jury, and since it is supported by the evidence we shall not disturb its finding.[2]

---

[1] See *Honaman v. Phila.*, 322 Pa. 535, 540n, 185 A. 750; *Powers v. Phila.*, 18 Pa. Superior Ct. 621, 623; and *Stevens v. Pittsburgh*, 129 Pa. Superior Ct. 5, 16, 194 A. 563, in which the Kies appeals were explained and distinguished.

[2] *Eisenbrey v. Penna. Co.*, 141 Pa. 566, 21 A. 639, relied upon by appellants, merely decides that since the fiduciary did not occupy and exercised no control over the building, it was not liable for the sudden opening of the door there involved. But it recognized that although the fence itself might not be a nuisance, the sudden opening of the door in the fence was the proximate cause of the injury.

In this court appellants concentrated their fire upon the unknown person who opened the door, and in respect to him they submitted a two-pronged argument. They stressed the point that the door was not opened by them or by their servant or employe, but by a stranger for whose negligence they are not responsible. It is true that in cases like *Jann v. Linton's Lunch,* 150 Pa. Superior Ct. 653, 29 A. 2d 219, where the injury resulted from the opening of iron cellar doors imbedded in the pavement and covering a cellarway, recovery was sustained only upon proof that the doors were operated by an employe. But account must be taken of the differences in the nature and the normal operation of the doors. The cellar doors provided access to the cellar, were used to remove rubbish, and the public or a business guest would have no occasion to utilize them for entering or leaving the building. Here the door provided ingress and egress for a restaurant to which the public was invited and to which it resorted. The door was intended for and was used by anyone who had occasion to visit the restaurant. This was the normal use, and appellants were obliged to exercise reasonable care so that the use of the door by the persons they invited to their premises did not injure pedestrians.

Nor can we hold as a matter of law that the conduct of the stranger was an intervening act and a superseding cause, within the meaning of Restatement, Torts, §447. The question was not raised at the trial, and we have not found proof that the stranger had become aware of the potential danger to pedestrians created by appellants, and therefore there is no predicate for the stranger's negligence. *Kline v. Moyer and Albert,* 325 Pa. 357, 191 A. 43. The case is governed by Restatement, Torts, §452: "Failure of a third person to perform a duty owing to another to protect him from harm threatened by the actor's negligent conduct is not a superseding cause of the other's harm." The most that can be said is that the stranger and appellants may have been concurrently negligent, and therefore are jointly and severally liable.

*Diehl v. Fid.-Phila. Trust Co.,* 159 Pa. Superior Ct. 513, 49 A. 2d 190.

When the action was originally instituted the additional parties named in the caption were joined as parties defendant. All of them except appellants were eliminated by either compulsory or voluntary nonsuits. Only plaintiffs and William G. and Samuel Speer were parties to this appeal.

Judgment affirmed.