WILLS, by guardian *ad litem,* Respondent, vs. WISCONSIN-MINNESOTA LIGHT & POWER COMPANY, Appellant.

*September 22—October 20, 1925.*

*Amusement parks: Failure to guard against batted balls near base-ball grounds: Injury to visitor in park: Question for jury.*

1. The proprietor of an amusement park is under the duty to reasonably safeguard visitors against dangers that might be reasonably foreseen. p. 628.
2. Where the proprietor of an amusement park embracing a baseball field might reasonably have foreseen that a foul ball would be batted into a private highway ninety feet from the batter's plate, along which visitors were invited to pass, it was for the jury to determine whether such proprietor might reasonably have protected the public by changing the location of the field or of the highway, or by the use of wire netting or other guards. p. 629.
3. Plaintiff, who was standing on the private highway within the park and entirely ignorant of a ball game being played, and who was struck by a foul ball, was not guilty of contributory negligence. p. 629.
4. Where a case presents purely a question of fact, the findings of the jury and the judgment thereon cannot be disturbed. p. 629.

APPEAL from a judgment of the circuit court for Eau Claire county: JAMES WICKHAM, Circuit Judge. *Affirmed.*

This is an appeal from a judgment in favor of the plaintiff for damages on account of personal injuries received by being struck by a baseball on grounds owned and controlled by the defendant.

The defendant operated a street-car line between Eau Claire and Chippewa Falls. To encourage travel on its line it maintained an amusement park midway between the two cities, to which the public were invited. In the park were maintained moving picture shows, a dancing pavilion, places of refreshment, tables and seats for the use of patrons who brought their own lunches, and baseball grounds upon which baseball games were played.

At the time in question the plaintiff, an infant between twelve and thirteen years of age, with her mother, younger brother, aunt, and two children, cousins of the plaintiff, went to the park, taking their lunches with them, and while there they sought out a table and placed their lunches thereon. The younger children had strayed away, and the plaintiff, with her mother and aunt, went to look for them. They followed a highway which led from the entrance to the park to the grounds and near the tables, going toward the entrance. They arrived at a point in the highway opposite the baseball grounds and ninety feet from the batter's plate, where a baseball game was in progress. At that time the mother noticed that the plaintiff's dress was unbuttoned and stopped the plaintiff to button her dress, and while doing so a foul ball from the bat of the batter at the home plate struck the plaintiff in the face, injuring her. The ball was a fast line ball, and struck the plaintiff with great force.

The plaintiff claims that the defendant was negligent in not providing proper safeguards to protect the plaintiff and visitors to the park against injury from foul balls of the character from which she was injured. The plaintiff was not a spectator at the ball game; she did not know

that the ball game was in progress; she had never seen a ball game.

The case was tried before the court and a jury. The jury rendered a special verdict in which it found (1) that at and prior to the time when plaintiff was injured the plaintiff was in the park in the vicinity of the ball game in an unguarded and unprotected position so that she might reasonably be struck by a flying ball; (2) that the defendant failed to exercise ordinary care to guard and protect the plaintiff; (3) that such failure to exercise ordinary care was the proximate cause of plaintiff's injury; (4) that there was no want of ordinary care on the part of the plaintiff proximately contributing to her injuries; (5) that plaintiff did not know that a ball game was in progress at and prior to the time of her injury; (6) that the plaintiff suffered damages to the extent of $2,000. Upon the verdict judgment was entered in favor of the plaintiff.

The defendant made the usual motions to change the answers in the verdict and set aside the verdict as contrary to the law and the evidence. From the judgment defendant appeals and here makes the claim (1) that defendant was not negligent, and (2) that the plaintiff was guilty of contributory negligence.

For the appellant there was a brief by *Linderman, Ramsdell & King* of Eau Claire, and oral argument by *Glenn O. Linderman.*

*W. H. Frawley* of Eau Claire, for the respondent.

CROWNHART, J. An examination of the evidence in this case satisfies this court that the verdict is sustained thereby.

There can be no question but that it was the duty of the appellant to reasonably safeguard visitors to its park against dangers that might be reasonably foreseen. The ball game being played was played partially by professionals. The appellant might reasonably have foreseen that a foul ball would be batted so as to reach the highway along which

visitors were invited to pass, only ninety feet distant from the batter's plate. The facts presented a case for the jury as to whether or, not the defendant might reasonably have protected the public in this respect by changing the location of the baseball diamond, or by changing the location of their private highway, or by the use of wire netting or other guards.

There can be no serious claim that the respondent was guilty of contributory negligence, as she was on the highway and entirely ignorant of her danger. That is her testimony, and it is corroborated by the evidence of others and sustained by the verdict of the jury.

The case presents purely questions of fact, and the finding of the jury and the judgment thereon cannot be disturbed.

*By the Court.*—The judgment of the circuit court is affirmed.