PAYKEL and another, Respondents, vs. ROSE, Defendant:
LUICK DAIRY COMPANY, Appellant.

*December 2—December 30, 1953.*

472

For the appellant there was a brief by *Zimmers, Randall & Zimmers,* attorneys, and *Bruce B. F. Randolph* of counsel, all of Milwaukee, and oral argument by *Wilke M. Zimmers.*

For the respondents there was a brief and oral argument by *Jack A. Berland* of Milwaukee.

FRITZ, C. J.   Luick contends that neither a violation of the safe-place statute nor of any of the rules pertaining to common-law negligence is pleaded.

To entitle plaintiffs to recover for violation of the safe-place statute plaintiffs must plead and establish that the place at which Mrs. Paykel was injured was a "place of employment" as that term is defined in sec. 101.01 (1), Stats., the provisions of which are as follows:

"The phrase 'place of employment' shall mean and include every place, whether indoors or out or underground and the premises appurtenant thereto where either temporarily or permanently any industry, trade, or business is carried on, or where any process or operation, directly or indirectly related to any industry, trade, or business, is carried on, and where any person is, directly or indirectly, employed by another for direct or indirect gain or profit, . . ."

It is not alleged that Luick in its use of the park was engaged in "any industry, trade, or business," or that its employees were "employed by . . . [it] for direct or indirect gain or profit."

The facts alleged do not charge a violation of sec. 101.06, Stats., which provides that "every employer and every owner of a place of employment or a public building now or hereafter constructed shall so construct, repair, or maintain such

place of employment or public building, and every architect shall so prepare the plans for the construction of such place of employment or public building, as to render the same safe."

The portion of the park being used by Luick is not a "public building" as the term is used in sec. 101.06, Stats., and as it is defined in sec. 101.01 (12):

"The term 'public building' as used in sections 101.01 to 101.29 shall mean and include any *structure* used in whole or in part as a place of resort, assemblage, lodging, trade, traffic, occupancy, or use by the public, or by three or more tenants."

Precedent and authority for all the foregoing is found in *Hoepner v. Eau Claire,* 264 Wis. 608, 60 N. W. (2d) 392. We conclude that the complaint fails to allege a violation of the safe-place statute.

Plaintiffs contend and the trial court held that the allegations of the complaint are sufficient to charge common-law negligence. In its memorandum opinion the court cited as authority for its conclusion *Wills v. Wisconsin-Minnesota L. & P. Co.* 187 Wis. 626, 205 N. W. 556. It is apparent from a reading of the opinion in that case that it was not contended that the complaint failed to allege a violation of a common-law duty. The case was tried upon that theory. We are unable to read out of the complaint in the instant case any allegation charging the violation of a common-law duty.

All the allegations setting forth a breach of duty are contained in paragraph 6 of the complaint. There it is alleged that the defendant failed to maintain, etc., "all in violation of the statutes of the state of Wisconsin, *in that*" defendants acted or failed to act in certain respects for the protection of persons using the area adjoining the ball park. Each of the specifications alleged is tied to the underlying charge that defendants failed "in violation of the statutes of the state of Wisconsin," obviously a violation of the safe-place statute,

since no other statute imposing a duty under the circumstances pleaded appears to exist. Thus it appears that plaintiffs have confined the allegations of their complaint to a statement of a cause of action for violation of the safe-place statute, and that they have not alleged a violation of any duty imposed by the common law. And since, as we have pointed out, no violation of the statute is pleaded, the demurrer should have been sustained.

*By the Court.*—Order reversed. The cause is remanded for further proceedings according to law.