Kraeling et vir, Appellants, *v.* Dormont Borough.

Argued October 1, 1945. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*Harry Alan Sherman, Harry Shapera* and *Samuel G. Wagner,* for appellants.

*A. C. Purdy, John R. Bredin* and *Dalzell, McFall, Pringle & Bredin,* for appellee, were not heard.

OPINION BY MR. CHIEF JUSTICE MAXEY, October 30, 1945:

This is an appeal from the order of the court below entering judgment in favor of the defendants on questions of law raised by the affidavit of defense.

The statement of claims sets forth that the wife plaintiff was injured when she went for the purpose of voting on election day on November 2, 1943, into that portion of the defendant borough's municipal building which was used by the Borough Fire Department. The allegation is that the borough did not have at the entrance a door that was flush with the surface of the ground, but that it was a part of the garage door, and that the bottom of the smaller door was at least six inches above the sill of the larger door. The wife plaintiff was injured, so she alleges, by stumbling on the rigid portion of the garage door over which she stepped while entering the building. The claim is that the defendants failed to provide a reasonably safe place for voting.

Defendants contend that the claim sets forth no cause of action, and that furthermore, the defendants were exercising governmental functions at the time and place stated.

The court below declared:

"Generally, there is no liability placed upon a municipal corporation * when it acts in a quasi-sovereign capacity as the local agent of the state. *4 Dillon, Mu-*

---

* Counties are political sub-divisions of the state, not municipal corporations. *Hartness, Appellant, v. Allegheny County,* 349 Pa. 248, 37 A. 2d 18.

*nicipal Corporations (5th Edition, 1911) Sec. 1625, et seq.; Cooley, Municipal Corporations (1914) page 376.* When it acts in its private, or purely corporate nature and not as the arm of the state, it is liable."

The court cited *Kies v. Erie,* 169 Pa. 598, 32 A. 621, where the city was held liable for injuries caused persons passing by on the pavement, by the usual and necessary use of the doors of a building used by the city fire department. This was a case where the damage resulted from a nuisance created and maintained by the municipality. (See Annotations in 102 A. L. R. 656. In the *Kies* case this court said: "The pulling of a rope unfastened the doors, and the powerful springs caused them to swing with rapidity and force across the pavement. That this was a constant menace to passers-by seems to be too clear for discussion."

In *Hartness v. Allegheny County,* 349 Pa. 248, 37 A. 2d 18, this court held that there was no liability on the part of a county for injuries sustained by a pedestrian on the sidewalks in front of the court house in Pittsburgh, by ice and snow falling upon him from the roof of that building. Plaintiff claimed that there should have been snow guards or some other suitable device to prevent the falling of the ice and snow which injured him. Liability was found non-existent in this case because the erection and maintenance of a court house "partakes of the nature of a purely governmental function."

The court below held that the *Hartness* case ruled this case "since the fire house was selected by the county Board of Election under authority of the legislature" and was used without the borough's consent. The court added: "The building was not being used at the time of the accident for any business of the Dormont Borough, but by and for the state." The court cites the fact that by Section 302 of the Act of June 3, 1937, P. L. 1333, county boards of election are required to "select and equip polling places," and that Section 527 of the same act declares that "in selecting polling places, the county

board of elections shall, wherever possible and practicable, select school houses, municipal buildings or rooms, or other public buildings for that purpose," i. e., for holding elections.

In the conclusion of the court below that the county was exercising a governmental function in conducting the election in the room into which the wife plaintiff was entering when she received the injuries complained of, and that the building which was the situs of the accident was not at the time being used by the defendant borough and that therefore no liability rests upon either the county or the borough for the injuries pleaded, we find no error.

The order is affirmed.